# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

JEROME J. FIFE, an individual,                    **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

### V.

DANIEL WICKHAM, DEE WICKHAM, INTERNATIONAL
ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS,
a California Non-Profit Corporation, IAPMO TESTING AND
SERVICES, LLC, a Delaware Limited Liability Company,
SLUDGEHAMMER GROUP LTD., a Michigan Corporation

TO: (Name and address of defendant)

DANIEL WICKHAM 4080 Heather Lane, Sebastopol, CA 95472
DEE WICKHAM 4080 Heather Lane, Sebastopol, CA 95472
INTERNATIONAL ASSOCIATION OF PLUBMING AND MECHANICAL OFFICIALS
5001 E. Philadelphia Street, Ontario, California 91761-2816
IAPMO TESTING AND SERVICES, 5001 E. Philadelphia Street, Ontario, California 91761-2816
SLUDGGEHAMMER GROUP LTD. 726 Winter Park Lane, Petoskey, MI 49770

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Herbert L. Terreri, Esq.,  SBN 169815
LAW OFFICES OF HERBERT L. TERRERI
132 Mill Street, Suite 210
Healdsburg, CA 95448
(707) 431-1933 Telephone
(707) 431-2769 Facsimile
info@terrerilaw.com

an answer to the complaint which is herewith served upon you, within  20     days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK                                                    DATE_____

_____
(BY) DEPUTY CLERK

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| JEROME J. FIFE | DANIEL WICKHAM, DEE WICKHAM, ET AL., |

| **(b)** County of Residence of First Listed Plaintiff SONOMA <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant      SONOMA <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) <br><br> Herbert L. Terreri, The Law Offices of Herbert L. Terreri <br> 132 Mill Street, Suite 210 <br> Healdsburg, CA 95448 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury— Med. Malpractice <br> ☐ 365 Personal Injury — Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☒ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities – Employment <br> ☐ 446 Amer. w/Disabilities – Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> Habeas Corpus: <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus – Alien Detainee <br> ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rico, Title 18 USC Sec. 1962 et seq., Title 15 USC Sec 1125(a)

Brief description of cause:
Misappropriation of business assets and fraud, declaratory relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  February 22, 2008     SIGNATURE OF ATTORNEY OF RECORD

1  Herbert L. Terreri, Esq.,  SBN 169815
   LAW OFFICES OF HERBERT L. TERRERI
2  132 Mill Street, Suite 210
   Healdsburg, CA 95448
3  (707) 431-1933 Telephone
   (707) 431-2769 Facsimile
4
   Attorney for Plaintiff,
5  JEROME J. FIFE, an individual

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JEROME J. FIFE, an individual,          )   CASE NO.
                                            )
12                      Plaintiff,          )   COMPLAINT UNDER RACKETEER
            vs.                             )   INFLUENCED AND CORRUPT
13                                          )   ORGANIZATIONS ACT, INJUNCTIVE
    DANIEL WICKHAM, DEE  WICKHAM,           )   AND DECLARATORY RELIEF,  AND
14  INTERNATIONAL ASSOCIATION OF            )   STATE LAW PENDENT CLAIMS FOR
    PLUMBING AND MECHANICAL                 )   FRAUD, BREACH OF FIDUCIARY
15  OFFICIALS, a California Non-Profit       )   DUTY, CALIFORNIA UNFAIR
    Corporation, IAPMO TESTING AND          )   COMPETITION LAW,  CONSTRUCTIVE
16  SERVICES, LLC, a Delaware Limited       )   TRUST,  AND FOR DAMAGES
    Liability Company,  SLUDGEHAMMER        )
17  GROUP LTD.,  a Michigan Corporation,    )
                                            )
18                      Defendants.         )
    _____)
19

20          Plaintiff, JEROME J. FIFE, alleges:

21                                  **PARTIES**

22  1.      Plaintiff, JEROME J. FIFE, hereinafter referred to as FIFE is an individual, and at all

23          times mentioned herein was a resident of the County of Sonoma, in the  State of

24          California.

25  2.      Defendant, DANIEL WICKHAM, is an individual and resident of the County of Sonoma

26          in the State of California.

27  3.      Defendant, DEE WICKHAM, is an individual and  resident of the County of Sonoma in

28          the State of California.

---

COMPLAINT                                                                       Page 1

4.     PIRANACO, INC., is a California Corporation having its principal place of business in Sonoma County California.

5.     The Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, A Non-Profit Corporation, is a non-profit corporation incorporated under the laws of the State of California, and having its principal place of business in the County of Riverside, State of California.

6.     The Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS is a service organization, providing code development assistance within the Uniform Plumbing and Uniform Mechanical codes and also issues a certification mark which identifies a product approved for use under such codes.

7.     The Defendant, IAPMO TESTING AND SERVICES, LLC, is a Delaware Limited Liability Company, and affiliate of Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS.

8.     INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, a non-profit Corporation, and IAPMO TESTING AND SERVICES, LLC, a Delaware Limited Liability Co. will be collectively referred to as IAPMO.

9.     Defendant, SLUDGEHAMMER GROUP, LTD., was formerly known as Pirana ABG, Inc., hereinafter referred to as SLUDGEHAMMER is a corporation incorporated under the laws of the State of Michigan, and it has an office for the transacting of business in Sonoma County California, and it's principal place of business in the State of Michigan.

**JURISDICTION**

10.    This Court has subject matter jurisdiction over the action pursuant to 18 U.S.C. § 1964, pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and over other claims here pursuant to the Courts supplemental jurisdiction under 28 U.S.C. § 1367.

11.    Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391.

# FACTS

12.     Upon information and belief, Plaintiff alleges that Defendants, DANIEL WICKHAM, AND DEE WICKHAM, are officers and shareholders in the Defendant corporations, PIRANACO, INC., SLUDGEHAMMER GROUP LTD., and either individually, or in their capacity as corporate agents and officers, are responsible for the wrongful acts alleged in this complaint.

13.     Commencing, during or about October, 2000, a Preliminary Patent Application was filed, and the Plaintiff, FIFE and Defendant, DANIEL WICKHAM, became co owners of certain intellectual property which was ultimately granted a patent, United States Patent No. 6780318, hereinafter referred to as the Patent.

14.     Plaintiff, FIFE, and Defendant, DANIEL WICKHAM, continue to share rights to the intellectual property covered under the Patent, and the products marketed under that patent will be referred to herein as the Pirana Devices; the Pirana Devices are aerobic bacteria generators (ABG).

15.     Commencing in 2001, FIFE and Defendants, DEE WICKHAM, and DANIEL WICKHAM, entered into an oral partnership agreement to sell, market, develop and further exploit the Pirana product; the general partnership was called PIRANACO.  The products initially produced and marketed included the Pirana Devices, models Pirana P40 and Pirana P80, both aerobic bacteria generators for use in waste treatment, including home septic systems.  FIFE and Defendant, DANIEL WICKHAM filed a fictitious business name statement with the County of Sonoma in January, 2002 for the use of the partnership name, PIRANACO.

16.     During or about 2002, in furtherance of the partnership objectives, FIFE, and Defendants, DEE WICKHAM, and DANIEL WICKHAM, on behalf of PIRANACO, the partnership, contacted Defendant, IAPMO, and commenced the process of obtaining approval of certification of the Pirana Device for use under the Uniform Plumbing Code.

17.     During the process to obtain IAPMO certification, the PIRANACO partnership set up a test site at UC Davis, and worked with IAPMO representatives to certify the device.

18. During the process, Plaintiff, FIFE, and Defendants, DEE WICKHAM, and DANIEL WICKHAM, on behalf of the Partnership, PIRANACO, put time, effort, expertise, and funds towards obtaining the IAPMO certification.

19. During 2002 and 2003, during the IAPMO certification process, Defendants DEE WICKHAM, and DANIEL WICKHAM, had dealings in writing, and in person, with IAPMO representatives on behalf of the PIRANACO partnership. During some of those contacts, Defendants, DEE WICKHAM, and DANIEL WICKHAM used the name PIRANACO, INC., interchangeably with the name PIRANACO, the partnership, and Pirana (the name of the product), despite the fact that no corporate articles had been filed prior to December 2002, and after the Articles of incorporation had been filed but before there had been any meetings or the corporation had commenced doing business.

20. During or about December, 2002, FIFE and Defendants, DEE WICKHAM and DANIEL WICKHAM, directed their attorney to commence a new corporation; The name of the new entity was called PIRANACO, INC.; In March 2003, a Statement of Information was filed with the California Secretary of State, however, no stock was issued, no meeting of the corporation had been held, and there was no agreement between the partners, FIFE, DEE WICKHAM, and DANIEL WICKHAM, to commence doing business under the name of the corporation, or to transfer any asset of the partnership to the corporation.

21. During or about 2002 and thereafter, PIRANACO, the partnership, entered into manufacturing agreements with Elgin, to produce the Pirana product, and commencing in 2003, Elgin included the IAPMO certification on the product labels produced. Elgin continued producing these products and including the IAPMO certification in the labeling of the Pirana product for Plaintiff, FIFE, until 2007.

22. During or about May, 2003, Defendant, IAPMO, notified Defendant, DANIEL WICKHAM, of "Pirana" at the home address of Plaintiff, FIFE, that the initial testing had been completed.

23. During or about August of 2003, FIFE, and DANIEL WICKHAM, obtained the IAPMO certification for the Pirana product, for the benefit of PIRANACO, the partnership, but

1    the listing was incorrectly put in the name of the corporation, PIRANACO, INC., without

2    any consideration or payment to PIRANACO the partnership, or the partners of

3    PIRANACO, including Plaintiff, FIFE.

4    24.   During or about August of 2003, Defendant, IAPMO, acting in concert with Defendants

5          DEE WICKHAM and DANIEL WICKHAM, improperly issued a Certificate of Listing

6          for the Pirana product, under the name of the filed, but still "unformed" corporation,

7          Defendant, PIRANACO, INC.

8    25.   FIFE is informed and believes and thereon alleges, that Defendants, DEE WICKHAM,

9          and DANIEL WICKHAM, (acting in concert with the other named defendants herein) in

10         violation of their fiduciary duties to their partner, FIFE, put the name of the IAPMO

11         certification in the name of PIRANACO, INC., and thereafter  failed and refused to call

12         that fact to the attention of  Plaintiff, FIFE, or to correct the false and erroneous listing,

13         thereby planning on converting the partnership asset to their own use.

14   26.   During or about January of 2004, Defendants DEE WICKHAM and DANIEL

15         WICKHAM, and FIFE, conducted the first meeting of the new corporation, Defendant,

16         PIRANACO, INC., and at that meeting, 50% of the voting stock of the corporation was

17         issued to FIFE, and 50% of the voting stock was issued to Defendant, DANIEL

18         WICKHAM.

19   27.   During or about January through August of 2004, PIRANACO, the partnership continued

20         to do business, the partners did not do business as the corporation, PIRANACO, INC.,

21         and no meetings were held, and no assets of PIRANACO the partnership were transferred

22         to the corporation.

23   28.   During or about January through August of 2004, Defendants, DEE WICKHAM, and

24         DANIEL WICKHAM, and Plaintiff, FIFE, could not reach agreement on how to operate

25         the new corporation, how to manage PIRANACO, the partnership, and whether to

26         transfer assets of PIRANACO, the partnership, to Defendant, PIRANACO, INC.

27   29.   No agreement was ever made to transfer any asset of the PIRANACO, the partnership to

28         PIRANACO, INC., including the IAPMO listing.

30. During or about 2005, Defendants, DEE WICKHAM, DANIEL WICKHAM, and those other Defendants acting in concert with them, began marketing and selling Pirana Devices under the name, Sludgehammer.

31. During 2004, and continuing for an unknown period of time, the Pirana Devices sold by Plaintiff, FIFE, and those sold by Defendants, DEE WICKHAM, DANIEL WICKHAM, and those acting in concert with them, were manufactured in the same factory, and each had the IAPMO sticker applied to the finished product.

32. During or about 2006 and 2007, Defendants, DANIEL WICKHAM, SLUDGEHAMMER, and IAPMO, demanded that the IAPMO certification not be included on the Pirana product manufactured for or under license by Plaintiff, FIFE; Despite these demands, FIFE continued to use the IAPMO certification and it wasn't until June 2007 when FIFE assigned the rights to the Patent to Infiltrator Systems, Inc. (ISI) that the IAPMO certification sticker was not applied to the Pirana Device sold under Plaintiff FIFE's patent rights.

33. FIFE is informed and believes that during or about May through August of 2004, Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, conspired to transfer, and changed the name on the IAPMO certification and listing from PIRANACO, INC., to PIRANA ABG, INC., without consideration, without corporate ratification or approval by the shareholders and directors of PIRANACO, INC., or the general partners of PIRANACO, the partnership, or Plaintiff, FIFE.

34. Upon information and belief, Plaintiff alleges that during or about September, 2004, in furtherance of their goal to take the assets of PIRANACO, the partnership, including the IAPMO certification and listing, and the PIRANACO name for their own use, Defendants, DEE WICKHAM, and DANIEL WICKHAM, started a corporation in California named PIRANA ABG, INC., that corporation is currently suspended.

35. Upon information and belief Plaintiff alleges that during or about December, 2004, in furtherance of their goal to take the assets of PIRANACO, the partnership, including the IAPMO certification and listing, and the PIRANACO name for their own use,

1    Defendants, DEE WICKHAM, and DANIEL WICKHAM, started a corporation in the

2    state of Michigan named PIRANA ABG, INC., that corporation is currently known as

3    Defendant, SLUDGEHAMMER.

4  36.    During or about September 2004, Plaintiff FIFE and Defendants, DEE WICKHAM, and

5    DANIEL WICKHAM, discussed stopping any joint venture, ending PIRANACO, the

6    partnership, and not to use the corporation, PIRANACO, INC.; no formal corporate

7    dissolution was filed, and the fictitious business name filing in the name of PIRANACO

8    remained with the County of Sonoma.  The partners never formally wound up

9    PIRANACO, the partnership, or separated the partnership assets;  Defendants, DEE

10    WICKHAM, and DANIEL WICKHAM agreed with Plaintiff, FIFE, that the assets of the

11    partnership, including the IAPMO Certification, were equally available for each of their

12    use, similar to the manner in which they were each entitled to produce the Pirana product,

13    under the jointly owned patent referenced above.

14  37.    On information and belief, Plaintiff alleges that beginning in 2004, and continuing until

15    2006, Defendants, DEE WICKHAM, and DANIEL WICKHAM, orally and in writing

16    confirmed to Plaintiff, that Plaintiff, FIFE, had equal rights to the Pirana product, its

17    manufacture, all certifications, promotional materials, trade names, and every right to

18    market the Pirana product anywhere in the United States or the world.

19  38.    On information and belief, Plaintiff alleges that during or about 2004, or early 2005,

20    Defendants, DEE WICKHAM, and DANIEL WICKHAM, conspired and did cause the

21    address listed with IAPMO for PIRANACO INC., to be changed from Plaintiff, FIFE's

22    home address, to a P.O. Box in Duncan's Mills, California, to which Defendants, DEE

23    WICKHAM, DANIEL WICKHAM had the sole access, thereby excluding Plaintiff,

24    FIFE, from knowing that the listing was in the name of PIRANACO, INC., or was

25    subsequently changed.

26  39.    In furtherance of the agreement between Plaintiff, FIFE, and Defendants, DEE

27    WICKHAM, and DANIEL WICKHAM, that they had equal rights to the Pirana Devices,

28    trademark, advertising materials and certifications, FIFE used the IAPMO certification

1    and displayed and claimed the listing of the Pirana Devices he marketed and sold in all

2    jurisdictions within these United States from 2003 until 2007.

3    40.    Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO, and

4    SLUDGEHAMMER, knew, or should have known, and consented to the use by Plaintiff,

5    FIFE, from 2003, when the IAPMO certification and listing were granted until 2006,

6    when Defendants began objecting to the continued use of the listing by Plaintiff, FIFE.

7    41.    FIFE contacted Defendant IAPMO by telephone each year in 2004 and 2005 and inquired

8    whether the fees for the IAMPO listing of the Pirana Device were paid.  IAPMO

9    representatives informed Plaintiff FIFE in each of those years that the fees were paid.

10    FIFE is informed and believes that the fees were paid by DANIEL WICKHAM.

11    42.    During or about May, 2007, FIFE licensed his rights to the Pirana Device, the Patent, and

12    related certifications and approvals, to INFILTRATOR SYSTEMS, INC., (hereinafter

13    referred to as ISI) ISI markets and sells the Pirana Devices under the name Aquaworx

14    Remediator (TM), but the product remains unchanged in any meaningful way from the

15    original Pirana Device, certified by IAPMO and as was manufactured and marketed by

16    PIRANACO, the partnership in 2003.

17    43.    After Plaintiff, FIFE, licensed the Patent, the Pirana Devices, and related  rights, to ISI,

18    Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER,

19    have each asserted that FIFE does not have the rights to the IAPMO certification or

20    listing, and have made false and fraudulent statements regarding the Pirana Devices sold

21    or licensed to be sold by Plaintiff, FIFE, to regulators, customers, suppliers, affiliates,

22    competitors, and others, in each of the 16 state jurisdictions adopting the Uniform

23    Plumbing Code, and in other jurisdictions, and on the Internet website maintained by

24    Defendant SLUDGEHAMMER.

25    44.    The false and misleading statements and claims made by Defendants, and each of them,

26    regarding the Pirana Devices now being marketed by ISI, under license by Plaintiff, FIFE,

27    are causing confusion in the industry, damage to the Pirana name and brand, damage to

28    name and brand used by ISI, which harm is irreparable, and not easily subject to

1    determination of money damages, since it is causing delays in advertising and marketing

2    and the review and/or denial of approval of devices in multiple jurisdictions, and

3    corresponding loss of market share and taint upon the brand names, Pirana, and

4    Remediator.

5    45.   A dispute has arisen between the Plaintiff and the Defendants, DEE WICKHAM,

6          DANIEL WICKHAM, SLUDGEHAMMER, IAPMO, and Plaintiff, FIFE,  as to the

7          ownership of the IAPMO certification and listing.

8    46.   Plaintiff, FIFE, contends that the IAPMO listing is a partnership asset, which has been

9          properly used by FIFE, until 2007.

10   47.   During or about 2007, Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO

11         and SLUDGEHAMMER, began falsely representing the alleged sole ownership of the

12         IAPMO listing and certification to members of the regulatory agencies within the 16

13         States which have adopted the Uniform Plumbing Code, Elgin Manufacturing Co., and

14         others who are not currently known to Plaintiff, herein.

15   48.   Plaintiff is informed and believes that the position of the Defendants, DEE WICKHAM,

16         DANIEL WICKHAM, IAPMO and SLUDGEHAMMER is that SLUDGEHAMMER is

17         the proper and sole assignee of the IAPMO listing which was made directly to Defendant,

18         DANIEL WICKHAM, individually, and that there is no basis for Plaintiff, FIFE, to claim

19         an interest in the IAPMO certification and listing  by virtue of the PIRANACO

20         partnership, as a shareholder and former director in PIRANACO, INC., or otherwise.

21   49.   Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER,  refuse

22         to recognize the existence of any right by Plaintiff, or his assignee, to the IAPMO

23         certification or listing arising from the PIRANACO partnership, or the incorrect listing as

24         PIRANACO, INC., and successive unlawful assignments without consideration, or

25         otherwise.

26   50.   Plaintiff is informed and believes that Defendants, IAPMO, are denying Plaintiff, FIFE,

27         and his assignee the right to the IAPMO certification and listing, solely on the basis of the

28         initial issuance of the certification to the corporation, PIRANACO, INC. and subsequent

COMPLAINT                                                                              Page 9

1    assignments, and they have been acting in concert with these other Defendants in

2    furtherance of their wrongful purpose or they have been kept unaware of the true facts by

3    Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER.

4    51.    An actual existing and bona fide controversy exists between the Plaintiff and the

5    Defendants as to their legal relations in respect to the IAPMO certification and listing,

6    and the rights of the parties under this agreement can be determined only by a declaratory

7    judgment.

8    52.    Plaintiff is informed and believes that commencing in 2005 or 2006, and continuing,

9    Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER, have

10   contacted numerous regulatory agencies, including those in the State of Wisconsin, State

11   of Delaware, State of California, including the County of Sonoma within this Northern

12   District of California, and made false statements in order to prevent Plaintiff, FIFE, and

13   ISI, from competing with the Pirana Devices being marketed by Defendants under the

14   SLUDGEHAMMER name.

15   **FIRST CLAIM FOR RELIEF**
     **RICO 18 U.S.C. '1962 © )**

16
17   53.    Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through
     and including 52 of this Complaint.

18
19   54.    FIFE alleges upon information and belief that, at all times relevant to this Complaint,

20   that the named Defendants, DEE WICKHAM, DANIEL WICKHAM,

21   SLUDGEHAMMER, IAPMO, and  non-parties, PIRANACO, INC., PIRANA

22   HOLDINGS, LLC, PIRANA ABG, INC., and various other affiliated entities and

23   individuals who are  as yet unknown to FIFE (hereinafter THE BUSINESS ENTITIES),

24   associated for the common purpose of exploiting the Pirana Technology devices under

25   the patent, and are an enterprise as defined by 18 U.S.C. '1961(4) that is engaged in, and

26   its activities affect, interstate and foreign commerce.  In addition to their legitimate

27   activities, THE BUSINESS ENTITIES allowed their structure to be used to carry out the
     false, unlawful, and fraudulent activities at issue in this Complaint.

28

---

COMPLAINT                                                          Page 10

55.    DEE WICKHAM, DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, knowingly and willfully associated with the enterprise, THE BUSINESS ENTITIES, and conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, by converting and assigning the IAPMO certification and listing by interfering with FIFE's interest in the patent, and the IAPMO certification listing, through a pattern of racketeering activity in violation of 18 U.S.C. '1962 ( c ).

56.    In order to engage in the pattern of racketeering activity, DEE WICKHAM and DANIEL WICKHAM had to breach fiduciary and contractual obligations to FIFE. DEE WICKHAM and DANIEL WICKHAM, and SLUDGEHAMMER did so in part by using the form of THE BUSINESS ENTITIES and conducting the affairs of THE BUSINESS ENTITIES through a pattern of racketeering activity.

57.    The pattern of racketeering activity engaged in by THE BUSINESS ENTITIES involved schemes carried out from at least 2003 to the present, and directed at FIFE and other individuals (the VICTIMS). These schemes included but are not limited to:

    A.    Falsely obtaining, and then failing to correct the erroneous listing of the IAPMO listing to Piranaco, Inc. in April of 2003 and the secret transfer of that asset from the name of PiranaCo, Inc. to Pirana ABG, Inc., consent to FIFE using the IAPMO listing, and subsequent claim that Plaintiff, FIFE has no rights to the asset;

    B.    The assigning of DANIEL WICKHAM'S interest in the patent to PIRANA ABG, INC., the California Corporation, for consideration and for the benefit of investors and then transferring the patent assignment without consideration back to himself based on false promises to investor, Gary McClernan, and others not yet known to Plaintiff.

    C.    False and misleading statements and advertising, claiming that the Pirana Device marketed and sold by FIFE, or FIFE's assignees is different than the device certified and listed as approved by IAPMO.

    D.    False and misleading statements and advertising claims that the

---

COMPLAINT                                            

1      SLUDGEHAMMER device is "improved" and different than the Pirana Device

2      marketed and sold by, or under license, by FIFE, and numerous other false claims.

3   58.   The pattern of racketeering engaged in by DEE WICKHAM,  DANIEL WICKHAM

4      involved fraudulent acts in support of the above schemes constituting mail fraud (18

5      U.S.C. '1341) and wire fraud (18 U.S.C. '1343), each of which is a racketeering activity as

6      defined in 18 U.S.C. '1961(1)(b).

7   59.   As a result of the pattern of racketeering activity, FIFE and FIFE'S licensee, ISI, and

8      other persons and entities suffered damage to business and property.

9   60.   The predicate acts committed by DEE WICKHAM and DANIEL WICKHAM relating to

10      FIFE include, but are not limited to, those described earlier in this Complaint and the

11      following:

12      A.   E-mail dated September 2, 2004, from DEE WICKHAM and/or  DANIEL

13          WICKHAM to FIFE, assuring FIFE, inter alia, that he shares in all "promotional

14          materials, trade names, etc. for the product" including the right to the  IAPMO

15          certification, while THE BUSINESS ENTITIES were taking steps to claim an

16          exclusive right to the IAPMO listing and certification in THE BUSINESS

17          ENTITIES.

18      B.   Plaintiff is informed and believes that During or about 2003, 2004 and 2005, a

19          series of telephone, e-mail, and mail communications was made between IAPMO,

20          SLUDGEHAMMER and DANIEL WICKHAM using the Pirana name, the

21          Piranaco partnership name, and the PIRANACO, INC. corporate name, and in the

22          course of obtaining the certification and listing by IAPMO in the name of

23          PIRANACO, INC., and subsequent transfer without consideration.  Concurrent

24          with using the names Pirana, Piranaco and Piranaco, Inc. while doing business on

25          behalf of the partnership, PIRANACO, and thereafter include letters and e-mail

26          messages from Defendant, DANIEL WICKHAM and THE BUSINESS

27          ENTITIES from 2003 to 2008 and continuing.

28      C.   During or about November, 2004, in an e-mail to Plaintiff and others, Defendant,

COMPLAINT                                                          Page 12

1    DANIEL WICKHAM, acknowledged that he had kept Plaintiff FIFE out of all

2    communication with IAPMO, even though most of the ideas for the IAPMO

3    approval, and methodologies were from Plaintiff, FIFE; Defendant, DANIEL

4    WICKHAM, falsely stated that any failure to give Plaintiff, FIFE, credit for these

5    ideas was inadvertent and promised to give Plaintiff appropriate credit in the

6    future.

7    D.    Plaintiff alleges on information and belief that Defendants, DANIEL WICKHAM,

8    SLUDGEHAMMER, and those acting in concert with them, have attempted to

9    interfere with Plaintiff's business and approval of the Pirana Device in the State of

10    Wisconsin in 2005 and 2006, including the following:

11    1.    On or about July 26, 2005, Defendant DANIEL WICKHAM, sent a letter

12    via US Mail to the State of Wisconsin, Department of Commerce, Safety

13    and Buildings Division, Plumbing Product Review, seeking approval of

14    the Pirana Device, labeled as a "Sludgehammer", acknowledging and

15    asserting that the products were identical to the Pirana Device approved

16    for PIRANACO, the partnership, during or about March of 2004;

17    2.    Defendant DANIEL WICKHAM, further characterized his request as a

18    "modification" as a means to convert the approval granted to the Piranaco

19    partnership to the name of Pirana ABG, Inc., which approval was granted

20    by the State of Wisconsin during or about 2005 or early 2006;

21    3.    After converting the approval to the name of their own entity, in or about

22    early 2006, Defendants, DANIEL WICKHAM, SLUDGEHAMMER, and

23    those acting in concert with them brought false accusations to the

24    Wisconsin Plumbing Product Review office, alleging, inter alia, that

25    Plaintiff's Pirana Device is not approved, and seeking to limit the ability

26    of Plaintiff to sell or market the product in the State of Wisconsin.

27    E.    On or about December 8, 2007, Defendant, SLUDGEHAMMER, sent a letter via

28    US Mail to the State of Delaware, Department of Natural Resources and

COMPLAINT                                                                    Page 13

Environmental Control, making numerous false assertions about the Pirana

Device licensed by FIFE; among the false statements is that FIFE's version of the

Pirana Device has never had IAPMO approval.  The falseness of that statement is

shown by the e-mail message from Defendant, DAN WICKHAM, dated July 31,

2003, using the name of the partnership PIRANACO, he correctly states that the

Pirana Devices sold by Piranaco were added to the Uniform Plumbing code by

IAPMO.

F.     During or about 2005, DEE WICKHAM and DANIEL WICKHAM, unlawfully

caused the Partnership asset, IAPMO Certification, held in the name of

PIRANACO INC. for the Pirana Device, to be transferred to Defendant,

SLUDGEHAMMER (Then using the name Pirana ABG, Inc.) by falsely

characterizing the transfer as a "name change"; this was accomplished by using

the U.S. mail and phone lines via facsimile to IAPMO.

G.     During 2003, and continuing through 2004, FIFE was regularly contacted by e-

mail, telephone, fax and mail by DEE WICKHAM and DANIEL WICKHAM in

response to FIFE's efforts to obtain information on the formation, operation and

financial status of PIRANACO, the partnership and PIRANACO, INC.  In those

communications, FIFE was regularly falsely informed that DEE WICKHAM and

DANIEL WICKHAM were protecting the PIRANACO partnership interests, or

were otherwise working without interference to Plaintiff's interests, when in fact

THE BUSINESS ENTITIES were being used by these Defendants to convert the

PIRANACO partnership assets belonging equally to Plaintiff, FIFE, to their sole

use, including the PIRANACO distribution network IAPMO certification and

listing.

61.     FIFE alleges upon information and belief that DEE WICKHAM,  DANIEL WICKHAM,

and THE BUSINESS ENTITIES committed numerous predicate acts of mail fraud and

wire fraud as part of the transactions entered into with FIFE and non-Parties, including

Gary McClernan,  other businesses,  investors, consumers, and public agencies.

1    Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

2    as set forth below.

### SECOND CLAIM FOR RELIEF
### RICO 18 U.S.C. "1962 ( c  ) & 1961(4)

62.    Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through

and including 61 of this Complaint.

63.    At all times relevant to this Complaint, DEE WICKHAM and DANIEL WICKHAM and

THE BUSINESS ENTITIES were an association-in-fact enterprise as defined by 18

U.S.C. '1961(4) that was and is engaged in, and its activities affect, interstate and foreign

commerce.  The structure of the enterprise controlling individuals, DEE WICKHAM and

DANIEL WICKHAM, and other individuals not yet known, and several entities owned in

whole or in part by DEE WICKHAM and DANIEL WICKHAM.  The purpose and

function of the enterprise is to engage in the exploitation of The Patent and Pirana Device

through THE BUSINESS ENTITIES, including limited partnerships and corporations

controlled by the enterprise placing its members in the position of authority, including the

legitimate exploitation of the patent and Pirana Devices.  Each member of the

association-in-fact played an important role in the formation of the enterprise.

64.    State law requires that general partners in a general partnership or LLC, and corporate

officers in a corporation act as fiduciaries toward the other partners, investors,  or

shareholders within their partnership or corporate entity.  In addition to legitimate

activities, the course of conduct of this enterprise included the formation and operation of

corporations, LLCs, and partnerships through a pattern of racketeering activity, including

false and misleading advertising, false and misleading statements through the mail and by

e-mail, and numerous breaches of fiduciary duty.

65.    DEE WICKHAM and DANIEL WICKHAM knowingly and willfully associated with the

enterprise comprised of themselves and THE BUSINESS ENTITIES, and conducted and

participated in the conduct of the enterprises affairs, directly and indirectly, by forming

and operating limited liability companies and corporations through a pattern of activity in

---

COMPLAINT                                                                    Page 15

1  violation of 18 U.S.C. '1962 (c   ).

2  66.   The pattern of racketeering engaged in by the named Defendants and THE BUSINESS

3        ENTITIES involved separate but related schemes, carried out from at least 2003 to the

4        present, and directed at FIFE and other VICTIMS.

5  67.   The pattern of racketeering engaged in by DEE WICKHAM and DANIEL WICKHAM

6        involved the previously alleged predicate acts constituting mail fraud (18 U.S.C. '1341)

7        and wire fraud (18 U.S.C. '1334), all of which is a racketeering activity as defined in 19

8        U.S.C. '1961(1)(b).

9  68.   FIFE relied on the misrepresentations and omissions directed at FIFE by DEE

10       WICKHAM and DANIEL WICKHAM as part of their pattern of racketeering activity;

11       FIFE has been harmed by this and the other activities of THE BUSINESS ENTITIES

12       racketeering activities as alleged herein and as a direct result suffered damage to his

13       business and property interests in the Patent, and the Pirana Device, which damage is

14       ongoing.

15       Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

16  as set forth below.

17                         **THIRD CLAIM FOR RELIEF**
18                         **RICO 18 U.S.C. '1961(4)**

19  69.   Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through

20        and including 68 of this Complaint.

21  70.   At all times relevant to this Complaint, THE BUSINESS ENTITIES were an enterprise as

22        defined by 18 U.S.C. '1961(4) that was and is engaged in, and whose activities affect,

23        interstate and foreign commerce. THE BUSINESS ENTITIES primary purpose and

24        function is to exploit The Patent and the Pirana Device within the United States. In

25        addition to their legitimate activities, however, they were used in the pattern of

26        racketeering activity previously alleged and as further alleged herein.

27  71.   DEE WICKHAM and DANIEL WICKHAM knowingly and willfully associated with the

28        enterprise, and conducted and participated in the conduct of the enterprises affairs,

COMPLAINT                                                        Page 16

1    directly and indirectly, by forming and operating corporations and limited liability

2    companies through a pattern of activity in violation of 18 U.S.C. '1962 ( c  ).

3    72.    The pattern of racketeering engaged in by DEE WICKHAM and DANIEL WICKHAM

4    involved the previously alleged schemes, carried out from at least 2003 to the present,

5    and directed at FIFE and other victims.

6    73.    The pattern of racketeering engaged in by DEE WICKHAM and DANIEL WICKHAM

7    involved the previously alleged predicate acts constituting mail fraud (18 U.S.C. '1341)

8    and wire fraud (18 U.S.C. '1334), all of which is a racketeering activity as defined in 18

9    U.S.C. '1961(1)(b).

10    74.    FIFE relied on the misrepresentations and omissions directed at FIFE by DEE

11    WICKHAM and DANIEL WICKHAM as part of their pattern of racketeering activity;

12    FIFE has been harmed by this and the other activities of THE BUSINESS ENTITIES

13    racketeering activities as alleged herein and as a direct result suffered damage to his

14    business and property interests in the Patent, and the Pirana Device, which damage is

15    ongoing.

16    Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against

17 Defendants as set forth below.

18
19                          **FOURTH CLAIM FOR RELIEF**
                          **False Advertising, 15 USC § 1125(a)**

20    75.    Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through

21    and including 74 of this Complaint.

22    76.    During or about 2004 and continuing, Defendants DEE WICKHAM and DANIEL

23    WICKHAM, IAPMO and SLUDGEHAMMER, have made false statements to numerous

24    regulatory entities in these United States, including the State of Wisconsin, State of

25    Delaware, and the County of Sonoma in the State of California, including but not limited

26    to the representations that the SLUDGEHAMMER device is not the Pirana Device, and

27    that the Pirana Device marketed by or under license by Plaintiff does not and never has

28    had the IAPMO certification and approval and on that basis and others should not be

COMPLAINT                                                                    Page 17

1    approved for sale in their jurisdiction. The statements made are false and true statements

2    are made with the intent to mislead, and which create a false impression regarding the

3    Pirana Devices marketed directly or under license by Plaintiff.

4    77.    Upon information and belief, Plaintiff alleges that these statements in the letters are false

5    and misleading, and are merely part of hundreds if not thousands of instances of making

6    such false and misleading allegations about the Pirana Devices manufactured or marketed

7    by Plaintiff or under License by Plaintiff, including the Remediator marketed by ISI.

8    78.    The website of Defendant Sludgehammer creates confusion regarding the Pirana Devices

9    marketed directly or under license by Plaintiff, and continues to make many false

10    assertions, and to create false impressions using facts which are true, including the

11    following:

12        1.    Photographs taken from PIRANACO brochures, depicts work performed by or in

13            cooperation with Plaintiff, FIFE while the Pirana Devices were installed and sold

14            by or with the PIRANACO partnership, and falsely claims that they are

15            SLUDGEHAMMER devices;

16        2.    Numerous claims are made about the length of time the "sludgehammer" device

17            has been used, asserting that it was used for five years or more, relying on the

18            PIRANACO testing at UC Davis in 2003, and falsely claims that the

19            SLUDGEHAMMER devices are different and better than the Pirana Devices, then

20            states that the Sludgehammer device is the "ONLY" way to introduce the helpful

21            bacteria to your septic system;

22        3.    The slogan "Nature Called ... We Answered" is taken from PIRANACO

23            brochures and advertising materials;

24        4.    The claim that "Our Sludgehammer technology revolutionized the industry ..." is

25            false and misleading  because the Pirana Devices sold by PIRANACO did that,

26            the Sludgehammer name was not applied to a Pirana Device until sometime late in

27            2005;

28        5.    The Cleary installation, worm farm, Tehama MHP, and Silver Lake sites depicted

COMPLAINT

1    on the website were all PIRANACO installations, and Plaintiff, FIFE, personally

2    oversaw the installation of the unit for Cleary on behalf of PIRANACO;

3    6.    The Walloon Lake installation was a PIRANACO installation, and the letter on

4    the website references PIRANA ABG, INC. a company which did not exist in

5    2003 when the PIRANACO Pirana Device was installed there;

6    7.    The Trout Creek installation was a Pirana Device manufactured by Elgin and

7    identical to the Pirana Device sold by Plaintiff prior to the use of

8    SLUDGEHAMMER name.

9    8.    The Robert F. Kennedy Jr. letter depicted on the site has been modified, and was

10    actually written about PIRANACO, on or about,  September 17, 2002; This is

11    another example of how Defendants are seeking to benefit by the early success of

12    the Pirana Devices during the term of the PIRANACO partnership, although in

13    other settings, they falsely claim that the systems are different and denies Plaintiff

14    the right to use the same testing data and history.

15    9.    The Press page of the website contains many false statements about the

16    Sludgehammer device, and the IAPMO certification process.  Some of this

17    information is true if referring to the Pirana Device used by PIRANACO, and still

18    marketed under license by Plaintiff, FIFE, however there are many false

19    statements and false impressions created including the following:

20        a.    Defendant, DANIEL WICKHAM, is given credit for the physical design

21            of the Pirana and its concept; the truth is these were both created by

22            Plaintiff, FIFE;

23        b.    The Sludgehammer device is falsely claimed to have been granted IAPMO

24            certification, when in fact it was granted prior to the starting of PIRANA

25            ABG, INC., or the use of the Sludgehammer name, during the term of the

26            PIRANACO partnership, for the PIRANACO partnership;

27        c.    The Sludgehammer device is falsely claimed to be the first device to

28            receive the IAPMO approval, and to restore function to septic leach fields

COMPLAINT                                                                  Page 19

1  under this standard; the truth is that the first device was the Pirana Device

2  sold by the PIRANACO partnership in 2003 when the standard was

3  developed and awarded to the PIRANACO Partnership and incorrectly to

4  the corporation, PIRANACO INC.;

5  d.    IAPMO is credited with independently developing the testing standards,

6  which were developed in cooperation with PIRANACO the partnership in

7  2002 and 2003, which Defendant, DANIEL WICKHAM, admits in his e-

8  mail to Plaintiff, FIFE, in November 2004, that the ideas were Plaintiff's,

9  and wherein he falsely promises to Plaintiff that he will give him credit in

10  the future for his ideas.

11  e.    There are numerous other representations on the website which are false

12  and fraudulent, or which although they may include truthful statements,

13  they are presented in a manner which creates confusion with the Pirana

14  Device marketed by or under license by Plaintiff or which create false

15  impressions regarding the Sludgehammer device and the Pirana Device

16  marketed by or under license by Plaintiff.

17  79.   Defendants' false advertising is displacing sales which would have gone to plaintiff, or

18  his licensee, but for the false statements, and interference with regulatory approvals by

19  governmental entities within the United States.  Unless restrained by this court,

20  Defendants' false assertions will continue to cause substantial and irreparable harm to

21  Plaintiff.

22  Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against

23  Defendants as set forth below.

## FIFTH CLAIM FOR RELIEF
### Fraud-Intentional Misrepresentation

24

25

26  80.   Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through

27  and including 79 of this Complaint.

28  81.   Defendant and Defendant made misrepresentations to Plaintiff of facts material to the

---

COMPLAINT

1    PIRANACO general partnership, and failed to inform Plaintiff of material facts, as

2    alleged herein.

3  82.  These representations were in fact false and Defendant DEE WICKHAM and Defendant

4    DANIEL WICKHAM knew or should have known of the falsity of their representations

5    to Plaintiff FIFE and of the incompleteness of their statements to Plaintiff FIFE at the

6    time that they were made.

7  83.  Defendant DEE WICKHAM and DANIEL WICKHAM's misrepresentations, omissions

8    and concealment of material facts were made intentionally or recklessly for the purpose of

9    inducing Plaintiff FIFE, to act to his detriment and otherwise not pursue discovery of the

10    facts, and were made with reckless and utter disregard as to their truthfulness or

11    completeness.

12  84.  Plaintiff reasonably relied to his detriment on the truthfulness of Defendants DEE

13    WICKHAM and DANIEL WICKHAM's representations and on the completeness of

14    their disclosures of material facts, and Plaintiff FIFE was induced thereby to act to his

15    detriment.  Defendants DEE WICKHAM and DANIEL WICKHAM had a special

16    relationship of trust and/or confidence with Plaintiff FIFE and knew or should have

17    known that Plaintiff FIFE would so rely.  But for Defendants DEE WICKHAM and

18    DANIEL WICKHAM's misrepresentations, omissions and concealment of material facts

19    concerning the PIRANACO partnership, and the IAPMO certification and listing,

20    Plaintiff FIFE would not have relied on Defendants DEE WICKHAM and DANIEL

21    WICKHAM and their agreements.

22  85.  As a direct and proximate result of Defendants DEE WICKHAM and DANIEL

23    WICKHAM's intentional misrepresentations, omission and concealment of material

24    facts, Plaintiff has been damaged in an amount according to proof.

25  86.  As a direct and proximate result of Defendants DEE WICKHAM and DANIEL

26    WICKHAM's intentional misrepresentations, omission and concealment of material

27    facts, Plaintiff has been damaged and was caused to and has sustained general damages.

28  87.  Defendants DEE WICKHAM and DANIEL WICKHAM's conduct was knowing,

1    intentional, with malice, demonstrated a complete lack of care and was in conscious

2    disregard for the rights of Plaintiff FIFE.  Plaintiff FIFE is therefore entitled to an award

3    of punitive damages from Defendants DEE WICKHAM and DANIEL WICKHAM.

4        Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

5    as set forth below.

## SIXTH CLAIM FOR RELIEF
### Fraud-Negligent Misrepresentation

88.    Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through
       and including 87 of this Complaint.

89.    Defendants DEE WICKHAM and DANIEL WICKHAM made misrepresentations to
       Plaintiff FIFE of facts material to the PIRANACO partnership and the IAPMO
       certification and listing, and failed to inform Plaintiff of these and other material facts, as
       alleged above.

90.    As a direct and proximate result of Defendant's and Defendant's negligent
       misrepresentations, omission and concealment of material facts, Plaintiff has been
       damaged in an amount according to proof.

       Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants
as set forth below.

## SEVENTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty-Constructive Trust

91.    Plaintiff hereby incorporates as though fully set forth herein paragraphs 1 through and
       including 90 of this Complaint.

92.    Defendants DEE WICKHAM  and DANIEL WICKHAM were general partners in the
       PIRANACO partnership, and  undertook to act for PIRANACO and Plaintiff in
       conducting the business of the PIRANACO partnership, including how title to the
       IAPMO certification was held.  Defendant and Defendant represented to Plaintiff that
       Plaintiff could rely upon and trust their advice and expertise in regards to the
       PIRANACO partnership orally and in writing.

---

COMPLAINT                                                                    Page 22

93.  Plaintiff reasonably relied on the representations and promises of Defendants, DEE WICKHAM, and DANIEL WICKHAM that they would operate within the PIRANACO partnership in a manner that would serve the interests of the PIRANACO partnership and Plaintiff.  Plaintiff reasonably placed confidence in Defendants DEE WICKHAM  and DANIEL WICKHAM.  The representations and promises of Defendant and Defendant, and Plaintiff's foreseeable and reasonable reliance on them gave rise to a fiduciary relationship between Defendants DEE WICKHAM, DANIEL WICKHAM,  and Plaintiff.

94.  Defendant and Defendant owed Plaintiff fiduciary duties of loyalty, of utmost good faith and integrity, to make full and accurate disclosure of material facts, to abstain from self-dealing at the expense of Plaintiff, and to exercise the care, skill and diligence towards Plaintiff's assets that a reasonably prudent person would exercise in regard to his own property.  Defendant and Defendant owed Plaintiff the duty to disclose fully all material risks inherent in any proposed partnership action.

95.  Defendants DEE WICKHAM and DANIEL WICKHAM's misrepresentations and failure to disclose further constituted a breach of the duty of loyalty in that Defendant's and Defendant's interests in the partnership were adverse to those of Plaintiff.  Defendants DEE WICKHAM and DANIEL WICKHAM took advantage of the trust placed by Plaintiff in them by converting the partnership assets, including the IAPMO certification and listing  for the exclusive use the them and their designees, including the ENTERPRISE referred to above.

96.  By virtue of their violation of the relationship of trust and confidence between Defendants DEE WICKHAM and DANIEL WICKHAM, Defendants DEE WICKHAM and DANIEL WICKHAM  hold all assets of the PIRANACO partnership, including the distribution network and IAPMO certification and listing, in trust for the mutual benefit of their partner, Plaintiff.

97.  As a proximate result of such breaches of duty, Plaintiff has been damaged as previously alleged.

98.  As a result of the actions by Defendants, Plaintiff is entitled to a judgment by this court

1     that he holds, and has held the IAPMO certification and listing in trust for the non-

2     exclusive benefit of Plaintiff, FIFE.

3   99.   Defendants' conduct was reckless, willful and wanton, with malice, demonstrated a

4     complete want of care and attention to duty, and was in conscious disregard of Plaintiff's

5     rights.  Plaintiff is therefore entitled to an award of punitive damages from Defendants.

6     Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

7   as set forth below.

8                    **EIGHTH CLAIM FOR RELIEF**
9            **Breach Of Contract-Partnership Agreement**

10  100.  Plaintiff FIFE hereby incorporates as though fully set forth herein paragraphs 1 through

11     and including 99 of this Complaint.

12  101.  Plaintiff has performed all the terms, covenants and conditions on his part to be

13     performed pursuant to the PIRANACO, oral partnership agreement, save and except only

14     those terms, covenants and conditions which Plaintiff is excused from performing and/or

15     prevented from performing as a result of the breaches by, or caused by, Defendants DEE

16     WICKHAM and DANIEL WICKHAM,.

17  102.  Plaintiff alleges upon information and belief that Defendants, DEE WICKHAM and

18     DANIEL WICKHAM  breached, or caused the breach of, the oral partnership agreement

19     by:

20     A.    Failing and refusing to do all business of the partnership in the name of

21           PIRANACO.

22     B.    Conveying, selling, transferring, and converting property of PIRANACO without

23           adequate consideration and without the consent of Plaintiff.

24     C.    By breaches as yet unknown to Plaintiff, who will amend this Complaint when

25           such breaches are discovered during the progress of this action.

26  103.  As a proximate result of such breaches, Plaintiff has been damage as previously alleged.

27     Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

28  as set forth below.

---

COMPLAINT

## NINTH CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

104.  Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained in this Complaint as though fully reiterated and set forth herein below.

105.  The conduct of Defendants, and each of them, herein alleged, including but are not limited to the facts and circumstances set forth above, and constitutes unfair and unlawful business practices as those terms are used in California Business & Professions Code sections 17200, et seq.  All of the unfair and unlawful business practices herein alleged have occurred within the four years immediately preceding the filing of Plaintiff's Complaint.

106.  Defendants, and each of them, unfair and unlawful business practices, as alleged herein above, have given them an unfair advantage over other businesses in the same industry which adhere to the applicable laws regulating the industry, and which adhere to the provisions of the contracts into which they enter, and incur as a cost of doing business, the expense of such adherence.

107.  As a direct and proximate consequence of the unfair and unlawful business practices perpetrated by Defendants, and each of them, including but not limited to those alleged herein, and pursuant to Business & Professions Code section 17203, Defendants, and each of them, are liable Plaintiff, FIFE, to the general public, represented herein by Plaintiff, for restitution and/or disgorgement of all profits, ill-gotten gain, and/or any other monies obtained, secured, or saved by Defendants, and each of them, as a consequence of their unfair and unlawful conduct.  Pursuant to Business & Professions Code section 17203, Defendants, and each of them, are further liable to be enjoined from any further perpetration of the unlawful and unfair conduct herein alleged.

108.  By remedying and enjoining the unfair and unlawful conduct herein alleged, this lawsuit will result in the enforcement of important rights affecting the public interest, will confer upon the general public a significant benefit, so as to warrant an award of attorneys fees to Plaintiff pursuant to California Code of Civil Procedure section 1021.5.

---

COMPLAINT

1  Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants
2  as set forth below.

### PRAYER FOR RELIEF

4  Wherefore, plaintiff JEROME J. FIFE, prays for relief and judgment against defendants
5  as follows:

### ON THE FIRST CLAIM FOR RELIEF

7  1.    For a preliminary injunction:

A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing Code.

B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and marketed as a SLUDGEHAMMER, and to exclude this device from use under the Uniform Plumbing Code until adequately tested and approved;

C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and all persons acting in concert with them or on their behalf, and all Defendants from publishing either orally, in writing, or by electronic means that the Pirana devices marketed by Plaintiff are not approved by IAPMO, or are otherwise not listed for use under the Uniform Plumbing Code.

D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER from making any statements that claim that the Pirana devices marketed by or under license by FIFE are not the same as those tested and approved by IAPMO during or about 2003.

F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER and those acting in concert with them or on their behalf from making claims that the Pirana device marketed as a SLUDGEHAMMER is "improved" or is qualitatively better than the Pirana device marketed by or under license by FIFE.

COMPLAINT

G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their behalf, from engaging in the unlawful activities alleged in this Claim for Relief.

2.    For a permanent injunction:

A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing Code.

B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and marketed as a SLUDGEHAMMER, and to exclude this device from use under the Uniform Plumbing Code until adequately tested and approved;

C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and all persons acting in concert with them or on their behalf, and all Defendants from publishing either orally, in writing, or by electronic means that the Pirana devices marketed by Plaintiff are not approved by IAPMO, or are otherwise not listed for use under the Uniform Plumbing Code.

D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER from making any statements that claim that the Pirana devices marketed by or under license by FIFE are not the same as those tested and approved by IAPMO during or about 2003.

F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER and those acting in concert with them or on their behalf from making claims that the Pirana device marketed as a SLUDGEHAMMER is "improved" or is qualitatively better than the Pirana device marketed by or under license by FIFE.

G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their

1    behalf, from engaging in the unlawful activities alleged in this Claim for

2    Relief.

3    3    For Declaration of the parties interests in the IAPMO certification and listing for

4    use under the Uniform Plumbing Code.

5    4    For treble damages according to proof.

6    5    For prejudgment interest on all damages.

7    6    For costs of suit incurred, including reasonable attorneys' fees; and

8    7    For such other relief as the Court deems just and proper.

9    **ON THE SECOND CLAIM FOR RELIEF**

10    1.    For a preliminary injunction:

11    A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and

12    under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

13    Code.

14    B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and

15    marketed as a SLUDGEHAMMER, and to exclude this device from use

16    under the Uniform Plumbing Code until adequately tested and approved;

17    C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

18    SLUDGEHAMMER and all persons acting in concert with them or on

19    their behalf, and all Defendants from publishing either orally, in writing,

20    or by electronic means that the Pirana devices marketed by Plaintiff are not

21    approved by IAPMO, or are otherwise not listed for use under the Uniform

22    Plumbing Code.

23    D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

24    SLUDGEHAMMER from making any statements that claim that the

25    Pirana devices marketed by or under license by FIFE are not the same as

26    those tested and approved by IAPMO during or about 2003.

27    F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

28    SLUDGEHAMMER and those acting in concert with them or on their

1   behalf from making claims that the Pirana device marketed as a

2   SLUDGEHAMMER is "improved" or is qualitatively better than the

3   Pirana device marketed by or under license by FIFE.

4   G.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

5        SLUDGEHAMMER and those acting in concert with them or on their

6        behalf, from engaging in the unlawful activities alleged in this Claim for

7        Relief.

8   2   For a permanent injunction:

9   A.   Ordering Defendant IAPMO to certify the Pirana device marketed by, and

10       under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

11       Code.

12  B.   Ordering Defendant IAPMO to decertify the Pirana device as modified and

13       marketed as a SLUDGEHAMMER, and to exclude this device from use

14       under the Uniform Plumbing Code until adequately tested and approved;

15  C.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

16       SLUDGEHAMMER and all persons acting in concert with them or on

17       their behalf, and all Defendants from publishing either orally, in writing,

18       or by electronic means that the Pirana devices marketed by Plaintiff are not

19       approved by IAPMO, or are otherwise not listed for use under the Uniform

20       Plumbing Code.

21  D.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

22       SLUDGEHAMMER from making any statements that claim that the

23       Pirana devices marketed by or under license by FIFE are not the same as

24       those tested and approved by IAPMO during or about 2003.

25  F.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

26       SLUDGEHAMMER and those acting in concert with them or on their

27       behalf from making claims that the Pirana device marketed as a

28       SLUDGEHAMMER is "improved" or is qualitatively better than the

1    Pirana device marketed by or under license by FIFE.

2    G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

3    SLUDGEHAMMER and those acting in concert with them or on their

4    behalf, from engaging in the unlawful activities alleged in this Claim for

5    Relief.

6    3.    For Declaration of the parties interests in the IAPMO certification and listing for

7    use under the Uniform Plumbing Code.

8    4.    For treble damages according to proof.

9    5.    For prejudgment interest on all damages.

10    6.     For costs of suit incurred, including reasonable attorneys' fees; and

11    7.    For such other relief as the Court deems just and proper.

12    **ON THE THIRD CLAIM FOR RELIEF**

13    1.    For a preliminary injunction:

14    A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and

15    under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

16    Code.

17    B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and

18    marketed as a SLUDGEHAMMER, and to exclude this device from use

19    under the Uniform Plumbing Code until adequately tested and approved;

20    C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

21    SLUDGEHAMMER and all persons acting in concert with them or on

22    their behalf, and all Defendants from publishing either orally, in writing,

23    or by electronic means that the Pirana devices marketed by Plaintiff are not

24    approved by IAPMO, or are otherwise not listed for use under the Uniform

25    Plumbing Code.

26    D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

27    SLUDGEHAMMER from making any statements that claim that the

28    Pirana devices marketed by or under license by FIFE are not the same as

---

COMPLAINT

1    those tested and approved by IAPMO during or about 2003.

2    F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

3          SLUDGEHAMMER and those acting in concert with them or on their

4          behalf from making claims that the Pirana device marketed as a

5          SLUDGEHAMMER is "improved" or is qualitatively better than the

6          Pirana device marketed by or under license by FIFE.

7    G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

8          SLUDGEHAMMER and those acting in concert with them or on their

9          behalf, from engaging in the unlawful activities alleged in this Claim for

10         Relief.

11   2.    For a permanent injunction:

12   A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and

13         under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

14         Code.

15   B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and

16         marketed as a SLUDGEHAMMER, and to exclude this device from use

17         under the Uniform Plumbing Code until adequately tested and approved;

18   C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

19         SLUDGEHAMMER and all persons acting in concert with them or on

20         their behalf, and all Defendants from publishing either orally, in writing,

21         or by electronic means that the Pirana devices marketed by Plaintiff are not

22         approved by IAPMO, or are otherwise not listed for use under the Uniform

23         Plumbing Code.

24   D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

25         SLUDGEHAMMER from making any statements that claim that the

26         Pirana devices marketed by or under license by FIFE are not the same as

27         those tested and approved by IAPMO during or about 2003.

28   F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

COMPLAINT                                                              Page 31

1    SLUDGEHAMMER and those acting in concert with them or on their
2    behalf from making claims that the Pirana device marketed as a
3    SLUDGEHAMMER is "improved" or is qualitatively better than the
4    Pirana device marketed by or under license by FIFE.

5        G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,
6    SLUDGEHAMMER and those acting in concert with them or on their
7    behalf, from engaging in the unlawful activities alleged in this Claim for
8    Relief.

9        3    For Declaration of the parties interests in the IAPMO certification and listing for
10   use under the Uniform Plumbing Code.

11       4    For treble damages according to proof.

12       5    For prejudgment interest on all damages.

13       6    For costs of suit incurred, including reasonable attorneys' fees; and

14       7    For such other relief as the Court deems just and proper.

15   **ON THE FOURTH CLAIM FOR RELIEF**

16       1.    For a preliminary injunction:

17       A    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,
18   SLUDGEHAMMER and all persons acting in concert with them or on
19   their behalf, and all Defendants from publishing either orally, in writing,
20   or by electronic means that the Pirana devices marketed by Plaintiff are not
21   approved by IAPMO, or are otherwise not listed for use under the Uniform
22   Plumbing Code.

23       B.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,
24   SLUDGEHAMMER from making any statements that claim that the
25   Pirana devices marketed by or under license by FIFE are not the same as
26   those tested and approved by IAPMO during or about 2003.

27       C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,
28   SLUDGEHAMMER and those acting in concert with them or on their

COMPLAINT

1   behalf from making claims that the Pirana device marketed as a

2   SLUDGEHAMMER is "improved" or is qualitatively better than the

3   Pirana device marketed by or under license by FIFE.

4   D   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

5   SLUDGEHAMMER and those acting in concert with them or on their

6   behalf, from engaging in the unlawful activities alleged in this Claim for

7   Relief.

8   2   For a permanent injunction:

9   A.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

10  SLUDGEHAMMER and all persons acting in concert with them or on

11  their behalf, and all Defendants from publishing either orally, in writing,

12  or by electronic means that the Pirana devices marketed by Plaintiff are not

13  approved by IAPMO, or are otherwise not listed for use under the Uniform

14  Plumbing Code.

15  B.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

16  SLUDGEHAMMER from making any statements that claim that the

17  Pirana devices marketed by or under license by FIFE are not the same as

18  those tested and approved by IAPMO during or about 2003.

19  C.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

20  SLUDGEHAMMER and those acting in concert with them or on their

21  behalf from making claims that the Pirana device marketed as a

22  SLUDGEHAMMER is "improved" or is qualitatively better than the

23  Pirana device marketed by or under license by FIFE.

24  D.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

25  SLUDGEHAMMER and those acting in concert with them or on their

26  behalf, from engaging in the unlawful activities alleged in this Claim for

27  Relief.

28  3.   For treble damages according to proof.

1    4.    For prejudgment interest on all damages.

2    5.    For costs of suit incurred, including reasonable attorneys' fees; and

3    6.    For such other relief as the Court deems just and proper.

4    **ON THE FIFTH CLAIM FOR RELIEF**

5    1.    For General and compensatory damages.

6    2.    For special damages according to proof;

7    3.    For punitive damages or exemplary damages

8

9    **ON THE SIXTH CLAIM FOR RELIEF**

10    1.    For General and compensatory damages.

11    2.    For special damages according to proof;

12    3.    For punitive damages or exemplary damages

13    **ON THE SEVENTH CLAIM FOR RELIEF**

14    1.    For General and compensatory damages.

15    2.    For special damages according to proof;

16    3.    For punitive damages or exemplary damages

17    4.    For declaratory relief.

18    5.    For imposition of a constructive trust identifying the distribution network and

19    IAPMO certification and listing, as assets of the PIRANACO Partnership and that

20    Defendants DEE WICKHAM, DANIEL WICKHAM and SLUDGEHAMMER

21    hold these assets in trust for the non-exclusive benefit of Plaintiff, FIFE.

22    **ON THE EIGHTH FOURTH CLAIM FOR RELIEF**

23    1.    For General and compensatory damages.

24    2.    For special damages according to proof;

25    3.    For punitive damages or exemplary damages

26    4.    For declaratory relief regarding the rights and responsibilities of the parties

27    regarding their respective rights and responsibilities vis a vis the partnership assets.

28    **ON THE NINTH CLAIM FOR RELIEF**

COMPLAINT

1.     For a preliminary injunction:

    A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing Code.

    B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and marketed as a SLUDGEHAMMER, and to exclude this device from use under the Uniform Plumbing Code until adequately tested and approved;

    C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and all persons acting in concert with them or on their behalf, and all Defendants from publishing either orally, in writing, or by electronic means that the Pirana devices marketed by Plaintiff are not approved by IAPMO, or are otherwise not listed for use under the Uniform Plumbing Code.

    D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER from making any statements that claim that the Pirana devices marketed by or under license by FIFE are not the same as those tested and approved by IAPMO during or about 2003.

    F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER and those acting in concert with them or on their behalf from making claims that the Pirana device marketed as a SLUDGEHAMMER is "improved" or is qualitatively better than the Pirana device marketed by or under license by FIFE.

    G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their behalf, from engaging in the unlawful activities alleged in this Claim for Relief.

2.     For a permanent injunction:

    A.    Ordering Defendant IAPMO to certify the Pirana device marketed by, and

under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing Code.

B.    Ordering Defendant IAPMO to decertify the Pirana device as modified and marketed as a SLUDGEHAMMER, and to exclude this device from use under the Uniform Plumbing Code until adequately tested and approved;

C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and all persons acting in concert with them or on their behalf, and all Defendants from publishing either orally, in writing, or by electronic means that the Pirana devices marketed by Plaintiff are not approved by IAPMO, or are otherwise not listed for use under the Uniform Plumbing Code.

D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER from making any statements that claim that the Pirana devices marketed by or under license by FIFE are not the same as those tested and approved by IAPMO during or about 2003.

F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER and those acting in concert with them or on their behalf from making claims that the Pirana device marketed as a SLUDGEHAMMER is "improved" or is qualitatively better than the Pirana device marketed by or under license by FIFE.

G.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their behalf, from engaging in the unlawful activities alleged in this Claim for Relief.

3.    For Declaration of the parties interests in the IAPMO certification and listing for use under the Uniform Plumbing Code.

4.    For treble damages according to proof.

COMPLAINT

1    6.    For costs of suit incurred, including reasonable attorneys' fees; and

2    7.    For such other relief as the Court deems just and proper.

3

4    Dated: February 22, 2008                THE LAW OFFICES OF HERBERT L. TERRERI

5

6                                            By: _____

7                                               Herbert L. Terreri, Attorney for Plaintiff,
                                                JEROME J. FIFE

8                           **DEMAND FOR JURY TRIAL**

9        Plaintiff(s) hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

10   Civil Procedure.

11
     Dated: February 22, 2008                THE LAW OFFICES OF HERBERT L. TERRERI
12

13

14                                           By: _____

15                                              Herbert L. Terreri, Attorney for Plaintiff,
                                                JEROME J. FIFE

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                                          Page 37