1  Herbert L. Terreri, Esq.,  SBN 169815
   LAW OFFICES OF HERBERT L. TERRERI
2  132 Mill Street, Suite 210
   Healdsburg, CA 95448
3  (707) 431-1933 Telephone
   (707) 431-2769 Facsimile
4
   Attorney for Plaintiff,
5  JEROME J. FIFE, an individual

6

7

8              IN THE UNITED STATES DISTRICT COURT

9        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JEROME J. FIFE, an individual,          )  CASE NO. 3:08-cv-01078-JL
                                           )
12              Plaintiff,                  )  FIRST AMENDED COMPLAINT UNDER
          vs.                              )  RACKETEER INFLUENCED AND
                                           )  CORRUPT ORGANIZATIONS ACT,
13 DANIEL WICKHAM, DEE  WICKHAM,           )  INJUNCTIVE AND DECLARATORY
   INTERNATIONAL ASSOCIATION OF            )  RELIEF,  AND STATE LAW PENDENT
14 PLUMBING AND MECHANICAL                 )  CLAIMS FOR FRAUD, BREACH OF
   OFFICIALS, a California Non-Profit       )  FIDUCIARY DUTY, CALIFORNIA
15 Corporation, IAPMO TESTING AND          )  UNFAIR COMPETITION LAW,
   SERVICES, LLC, a Delaware Limited        )  CONSTRUCTIVE TRUST,  AND FOR
16 Liability Company,  SLUDGEHAMMER        )  DAMAGES
   GROUP LTD.,  a Michigan Corporation,    )
17                                         )
                Defendants.                )
18 _____        )

19

20       Plaintiff, JEROME J. FIFE, alleges:

21                        **PARTIES**

22 1.   Plaintiff, JEROME J. FIFE, hereinafter referred to as FIFE is an individual, and at all

23      times mentioned herein was a resident of the County of Sonoma, in the State of

24      California.

25 2.   Defendant, DANIEL WICKHAM, is an individual and resident of the County of Sonoma

26      in the State of California.

27 3.   Defendant, DEE WICKHAM, is an individual and resident of the County of Sonoma in

28      the State of California.

FIRST AMENDED COMPLAINT
Case No. 3:08-cv-01078-JL                                              Page 1

4.    PIRANACO, INC., is a California Corporation having its principal place of business in Sonoma County California.

5.    The Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, A Non-Profit Corporation, is a non-profit corporation incorporated under the laws of the State of California, and having its principal place of business in the County of Riverside, State of California.

6.    The Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS is a service organization, providing code development assistance within the Uniform Plumbing and Uniform Mechanical codes and also issues a certification mark which identifies a product approved for use under such codes.

7.    The Defendant, IAPMO TESTING AND SERVICES, LLC, is a Delaware Limited Liability Company, and affiliate of Defendant, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS.

8.    INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, a non-profit Corporation, and IAPMO TESTING AND SERVICES, LLC, a Delaware Limited Liability Co. will be collectively referred to as IAPMO.

9.    Defendant, SLUDGEHAMMER GROUP, LTD., was formerly known as Pirana ABG, Inc., hereinafter referred to as SLUDGEHAMMER is a corporation incorporated under the laws of the State of Michigan, and it has an office for the transacting of business in Sonoma County California, and it's principal place of business in the State of Michigan.

## JURISDICTION

10.    This Court has subject matter jurisdiction over the action pursuant to 18 U.S.C. § 1964, and pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and over other claims here pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

11.    Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391.

## FACTS

12. Upon information and belief, Plaintiff alleges that Defendants, DANIEL WICKHAM, AND DEE WICKHAM, are officers and shareholders in the corporations, PIRANACO, INC., and SLUDGEHAMMER GROUP LTD., and either individually, or in their capacity as corporate agents and officers, are responsible for the wrongful acts alleged in this complaint.

13. Commencing, during or about October, 2000, a Preliminary Patent Application was filed, and the Plaintiff, FIFE and Defendant, DANIEL WICKHAM, became co-owners of certain intellectual property which was ultimately granted a Patent, United States Patent No. 6780318, hereinafter referred to as The Patent.

14. Plaintiff, FIFE, and Defendant, DANIEL WICKHAM, continue to share rights to the intellectual property covered under The Patent, and the products marketed under that Patent will be referred to herein as the Pirana Devices; the Pirana Devices are aerobic bacteria generators (ABG).

15. Commencing in 2001, FIFE and Defendants, DEE WICKHAM and DANIEL WICKHAM, entered into an oral partnership agreement to sell, market, develop and further exploit the Pirana product; the general partnership was called PIRANACO. The products initially produced and marketed included the Pirana Devices, models Pirana P40 and Pirana P80, both aerobic bacteria generators for use in waste treatment, including home septic systems. FIFE and Defendant, DANIEL WICKHAM filed a fictitious business name statement with the County of Sonoma in January, 2002 for the use of the partnership name, PIRANACO.

16. During or about 2002, in furtherance of the partnership objectives, FIFE, on behalf of PIRANACO, the partnership, contacted Defendant, IAPMO, and commenced the process of obtaining approval of certification of the Pirana Device for use under the Uniform Plumbing Code.

17. During the process to obtain IAPMO certification, the PIRANACO partnership set up a test site at UC Davis, and worked with IAPMO representatives to certify the Device.

18.   During the process, Plaintiff, FIFE, and Defendants, DEE WICKHAM and DANIEL WICKHAM, on behalf of the Partnership, PIRANACO, put time, effort, expertise, and funds towards obtaining the IAPMO certification.

19.   During 2002 and 2003, during the IAPMO certification process, Defendants DEE WICKHAM and DANIEL WICKHAM, had dealings in writing, and in person, with IAPMO representatives on behalf of the PIRANACO partnership. During some of those contacts, Defendants, DEE WICKHAM and DANIEL WICKHAM used the name PIRANACO, INC., interchangeably with the name PIRANACO, the partnership, and Pirana (the name of the product), despite the fact that no corporate articles had been filed prior to December 2002, and after the Articles of Incorporation had been filed but before there had been any meetings or the corporation had commenced doing business.

20.   During or about December, 2002, FIFE and Defendants, DEE WICKHAM and DANIEL WICKHAM, filed Articles of Incorporation to start a new corporation; The name of the new entity was called PIRANACO, INC.; In March 2003, a Statement of Information was filed with the California Secretary of State, however, no stock was issued, no meeting of the corporation had been held, and there was no agreement between the partners, FIFE, DEE WICKHAM and DANIEL WICKHAM, to commence doing business under the name of the corporation, or to transfer any asset of the partnership to the corporation.

21.   During or about 2002 and thereafter, PIRANACO, the partnership, entered into manufacturing agreements with Eljen, to produce the Pirana product, and commencing in 2003, Eljen included the IAPMO certification on the product labels produced. Eljen continued producing these products and including the IAPMO certification in the labeling of the Pirana product for Plaintiff, FIFE, until 2007.

22.   During or about May, 2003, Defendant, IAPMO, notified Defendant, DANIEL WICKHAM, of "Pirana" at the home address of Plaintiff, FIFE, that the initial testing had been completed.

23.   During or about August of 2003, FIFE, and DANIEL WICKHAM, obtained the IAPMO certification for the Pirana Devices for the benefit of PIRANACO, the partnership, but

1    the listing was incorrectly put in the name of the corporation, PIRANACO, INC., without

2    any consideration or payment to PIRANACO the partnership, or the partners of

3    PIRANACO, including Plaintiff, FIFE.

4    24.    During or about August of 2003, Defendant, IAPMO, acting in concert with Defendants

5    DEE WICKHAM and DANIEL WICKHAM, improperly issued a Certificate of Listing

6    for the Pirana product, under the name of the filed, but still "unformed" corporation,

7    PIRANACO, INC.

8    25.    FIFE is informed and believes and thereon alleges, that Defendants, DEE WICKHAM

9    and DANIEL WICKHAM, (acting in concert with the other named defendants herein) in

10    violation of their fiduciary duties to their partner, FIFE, put the name of the IAPMO

11    certification in the name of PIRANACO, INC., and thereafter failed and refused to call

12    that fact to the attention of Plaintiff, FIFE, or to correct the false and erroneous listing,

13    thereby planning on converting the partnership asset to their own use.

14    26.    During or about January of 2004, Defendants DEE WICKHAM and DANIEL

15    WICKHAM, and FIFE, conducted the first meeting of the new corporation, PIRANACO,

16    INC., and at that meeting, 50% of the voting stock of the corporation was issued to FIFE,

17    and 50% of the voting stock was issued to Defendant, DANIEL WICKHAM.

18    27.    During or about January through August of 2004, PIRANACO, the partnership continued

19    to do business, the partners did not do business as the corporation, PIRANACO, INC.,

20    and no meetings were held, and no assets of PIRANACO the partnership were transferred

21    to the corporation.

22    28.    During or about January through August of 2004, Defendants, DEE WICKHAM and

23    DANIEL WICKHAM, and Plaintiff, FIFE, could not reach agreement on how to operate

24    the new corporation, how to manage PIRANACO, the partnership, and whether to

25    transfer assets of PIRANACO, the partnership, to PIRANACO, INC.

26    29.    No agreement was ever made to transfer any asset of PIRANACO, the partnership to

27    PIRANACO, INC., including the IAPMO listing.

28    //

30. During or about 2005, Defendants, DEE WICKHAM, DANIEL WICKHAM, and those other Defendants acting in concert with them, began marketing and selling Pirana Devices under the name, Sludgehammer.

31. During 2004, and continuing for an unknown period of time, the Pirana Devices sold by Plaintiff, FIFE, and those sold by Defendants, DEE WICKHAM, DANIEL WICKHAM, and those acting in concert with them, were manufactured in the same factory, and each had the IAPMO sticker applied to the finished product.

32. During or about 2006 and 2007, Defendants, DANIEL WICKHAM, SLUDGEHAMMER, and IAPMO, demanded that the IAPMO certification not be included on the Pirana product manufactured for or under license by Plaintiff, FIFE; Despite these demands, FIFE continued to use the IAPMO certification and it wasn't until June 2007 when FIFE assigned the rights to The Patent to Infiltrator Systems, Inc. (ISI) that the IAPMO certification sticker was not applied to the Pirana Device sold under Plaintiff FIFE's Patent rights.

33. FIFE is informed and believes that during or about May through August of 2004, Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, conspired to transfer, and changed the name on the IAPMO certification and listing from PIRANACO, INC., to PIRANA ABG, INC., without consideration, without corporate ratification or approval by the shareholders and directors of PIRANACO, INC., or the general partners of PIRANACO, the partnership, or Plaintiff, FIFE.

34. Upon information and belief, Plaintiff alleges that during or about September, 2004, in furtherance of their goal to take the assets of PIRANACO, the partnership, including the IAPMO certification and listing, and the PIRANACO name for their own use, Defendants, DEE WICKHAM and DANIEL WICKHAM, started a corporation in California named PIRANA ABG, INC., that corporation is currently suspended.

35. Upon information and belief Plaintiff alleges that during or about December, 2004, in furtherance of their goal to take the assets of PIRANACO, the partnership, including the IAPMO certification and listing, and the PIRANACO name for their own use,

1   Defendants, DEE WICKHAM and DANIEL WICKHAM, started a corporation in the

2   state of Michigan named PIRANA ABG, INC., that corporation is currently known as

3   Defendant, SLUDGEHAMMER.

4   36.   During or about September 2004, Plaintiff FIFE and Defendants, DEE WICKHAM and

5   DANIEL WICKHAM, discussed stopping any joint venture, ending PIRANACO, the

6   partnership, and not to use the corporation, PIRANACO, INC.; no formal corporate

7   dissolution was filed, and the fictitious business name filing in the name of PIRANACO

8   remained with the County of Sonoma.  The partners never formally wound up

9   PIRANACO, the partnership, or separated the partnership assets;  Defendants, DEE

10  WICKHAM and DANIEL WICKHAM agreed with Plaintiff, FIFE, that the assets of the

11  partnership, including the IAPMO certification, were equally available for each of their

12  use, similar to the manner in which they were each entitled to produce the Pirana product,

13  under the jointly owned Patent referenced above.

14  37.   Beginning in 2004, and continuing until 2006, Defendants, DEE WICKHAM, and

15  DANIEL WICKHAM, orally and in writing confirmed to Plaintiff, that Plaintiff, FIFE,

16  had equal rights to the Pirana product, its manufacture, all certifications, promotional

17  materials, trade names, and every right to market the Pirana product anywhere in the

18  United States or the world.

19  38.   On information and belief, Plaintiff alleges that during or about 2004, or early 2005,

20  Defendants, DEE WICKHAM and DANIEL WICKHAM, conspired and did cause the

21  address listed with IAPMO for PIRANACO INC., to be changed from Plaintiff, FIFE's

22  home address, to a P.O. Box in Duncan's Mills, California, to which Defendants, DEE

23  WICKHAM and DANIEL WICKHAM had the sole access, thereby excluding Plaintiff,

24  FIFE, from knowing that the listing was in the name of PIRANACO, INC., or was

25  subsequently changed.

26  39.   In furtherance of the agreement between Plaintiff, FIFE, and Defendants, DEE

27  WICKHAM and DANIEL WICKHAM, that they had equal rights to the Pirana Devices,

28  trademark, advertising materials and certifications, FIFE used the IAPMO certification

1    and displayed and claimed the listing of the Pirana Devices he marketed and sold in all

2    jurisdictions within these United States from 2003 until 2007.

3    40.    Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO, and

4    SLUDGEHAMMER, knew, or should have known, and consented to the use of the

5    IAPMO certification and listing by Plaintiff, FIFE, from 2003, when the IAPMO

6    certification and listing were granted, until 2006, when Defendants began objecting to the

7    continued use of the listing by Plaintiff, FIFE.

8    41.    FIFE contacted Defendant IAPMO by telephone each year in 2004 and 2005 and inquired

9    whether the fees for the IAMPO listing of the Pirana Device were paid.  IAPMO

10    representatives informed Plaintiff FIFE in each of those years that the fees were paid.

11    FIFE is informed and believes that the fees were paid by DANIEL WICKHAM.

12    42.    During or about May, 2007, FIFE licensed his rights to the Pirana Device, The Patent,

13    and related certifications and approvals, to INFILTRATOR SYSTEMS, INC.,

14    (hereinafter referred to as ISI) ISI markets and sells the Pirana Devices under the name

15    Aquaworx Remediator (TM), but the device remains unchanged in any meaningful way

16    from the original Pirana Device, certified by IAPMO and as was manufactured and

17    marketed by PIRANACO, the partnership in 2003.

18    43.    After Plaintiff, FIFE, licensed The Patent, the Pirana Devices, and related rights, to ISI,

19    Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER,

20    have each asserted that FIFE does not have the rights to the IAPMO certification or

21    listing, and have made false and fraudulent statements regarding the Pirana Devices sold

22    or licensed to be sold by Plaintiff, FIFE, to regulators, customers, suppliers, affiliates,

23    competitors, and others, in each of the 16 state jurisdictions adopting the Uniform

24    Plumbing Code, and in other jurisdictions, and on the Internet website maintained by

25    Defendant SLUDGEHAMMER.

26    44.    The false and misleading statements and claims made by Defendants, and each of them,

27    regarding the Pirana Devices now being marketed by ISI, under license by Plaintiff, FIFE,

28    are causing confusion in the industry, damage to the Pirana name and brand, damage to

1   name and brand used by ISI, which harm is irreparable, and not easily subject to

2   determination of money damages, since it is causing delays in advertising and marketing

3   and the review and/or denial of approval of Devices in multiple jurisdictions, and

4   corresponding loss of market share and taint upon the brand names, Pirana, and

5   Remediator.

6   45.   A dispute has arisen between the Plaintiff. FIFE, and the Defendants, DEE WICKHAM,

7         DANIEL WICKHAM, SLUDGEHAMMER, IAPMO, as to the ownership of the IAPMO

8         certification and listing.

9   46.   Plaintiff, FIFE, contends that the IAPMO listing is a partnership asset, which has been

10        properly used by FIFE, until 2007.

11  47.   Upon information and belief, Plaintiff alleges that beginning during or about 2006 or

12        2007 Defendants, DEE WICKHAM, DANIEL WICKHAM, IAPMO and

13        SLUDGEHAMMER, began falsely representing the alleged sole ownership of the

14        IAPMO listing and certification to members of the regulatory agencies within the 16

15        States which have adopted the Uniform Plumbing Code, Eljen Manufacturing Co., and

16        others who are not currently known to Plaintiff, herein.

17  48.   Plaintiff is informed and believes that the position of the Defendants, DEE WICKHAM,

18        DANIEL WICKHAM, IAPMO and SLUDGEHAMMER is that SLUDGEHAMMER is

19        the proper and sole assignee of the IAPMO listing which was made directly to Defendant,

20        DANIEL WICKHAM, individually, and that there is no basis for Plaintiff, FIFE, to claim

21        an interest in the IAPMO certification and listing by virtue of the PIRANACO

22        partnership, as a shareholder and former director in PIRANACO, INC., or otherwise.

23  49.   Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER,  refuse

24        to recognize the existence of any right by Plaintiff, or his assignee, to the IAPMO

25        certification or listing arising from the PIRANACO partnership, or the incorrect listing as

26        PIRANACO, INC., and successive unlawful assignments without consideration, or

27        otherwise.

28  50.   Plaintiff is informed and believes that Defendants, IAPMO, are denying Plaintiff, FIFE,

and his assignee the right to the IAPMO certification and listing, solely on the basis of the

initial issuance of the certification to the corporation, PIRANACO, INC. and subsequent

assignments, and they have been acting in concert with these other Defendants in

furtherance of their wrongful purpose or they have been kept unaware of the true facts by

Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER.

51.    An actual existing and bona fide controversy exists between the Plaintiff and the

Defendants as to their legal relations in respect to the IAPMO certification and listing,

and the rights of the parties under this agreement can be determined only by a declaratory

judgment.

52.    Plaintiff is informed and believes that commencing in 2005 or 2006, and continuing,

Defendants, DEE WICKHAM, DANIEL WICKHAM, and SLUDGEHAMMER, have

contacted numerous regulatory agencies, including those in the State of Wisconsin, State

of Delaware, State of California, including the County of Sonoma within this Northern

District of California, and made false statements in order to prevent Plaintiff, FIFE, and

ISI,  from competing with the Pirana Devices being marketed by Defendants under the

SLUDGEHAMMER name.

**FIRST CLAIM FOR RELIEF**
**RICO 18 U.S.C. '1962 ( c ) & '1961 ( 4 )**
**Against All Named Defendants**

53.    Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained

in this Complaint as though fully reiterated and set forth herein below.

54.    FIFE alleges upon information and belief that, at all times relevant to this Complaint, that

the named Defendants, DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER,

IAPMO, and  non-parties, PIRANACO, INC., PIRANA HOLDINGS, LLC, PIRANA

ABG, INC., and various other affiliated entities and individuals who are  as yet unknown

to FIFE (hereinafter THE BUSINESS ENTITIES), associated for the common purpose of

exploiting the Pirana Technology Devices under The Patent, and are an enterprise as

defined by 18 U.S.C. '1961(4) that is engaged in, and its activities affect, interstate and

foreign commerce.  In addition to their legitimate activities, THE BUSINESS ENTITIES

1    allowed their structure to be used to carry out the false, unlawful, and fraudulent activities

2    at issue in this Complaint.

55.    The structure of the enterprise controlling individuals, DEE WICKHAM and DANIEL

WICKHAM, and other individuals not yet known, and several entities owned in whole or

in part by DEE WICKHAM and DANIEL WICKHAM.  The purpose and function of the

enterprise is to engage in the exploitation of The Patent and Pirana Device through THE

BUSINESS ENTITIES, including limited partnerships and corporations controlled by the

enterprise placing its members in the position of authority, including the legitimate

exploitation of The Patent and Pirana Devices.  Each member of the association-in-fact

played an important role in the formation of the enterprise.

56.    DEE WICKHAM,  DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, knowingly

and willfully associated with the enterprise, THE BUSINESS ENTITIES, and conducted

and participated in the conduct of the enterprise's affairs, directly and indirectly, by

converting and assigning the IAPMO certification and listing by interfering with FIFE's

interest in The Patent, and the IAPMO certification listing, through a pattern of

racketeering activity in violation of 18 U.S.C. '1962 ( c ).

57.    State law requires that general partners in a general partnership or LLC, and corporate

officers in a corporation act as fiduciaries toward the other partners, investors, or

shareholders within their partnership or corporate entity.  In addition to legitimate

activities, the course of conduct of this enterprise included the formation and operation of

corporations, LLCs, and partnerships through a pattern of racketeering activity, including

false and misleading advertising, false and misleading statements through the mail and by

e-mail, and numerous breaches of fiduciary duty.

58.    DEE WICKHAM and DANIEL WICKHAM knowingly and willfully associated with the

enterprise comprised of themselves and THE BUSINESS ENTITIES, and conducted and

participated in the conduct of the enterprises affairs, directly and indirectly, by forming

and operating partnerships, limited liability companies and corporations through a pattern

of activity in violation of 18 U.S.C. '1962 ( c ).

59.    In order to engage in the pattern of racketeering activity, DEE WICKHAM and DANIEL WICKHAM had to breach fiduciary and contractual obligations to FIFE. DEE WICKHAM and DANIEL WICKHAM, and SLUDGEHAMMER did so in part by using the form of THE BUSINESS ENTITIES and conducting the affairs of THE BUSINESS ENTITIES through a pattern of racketeering activity.

60.    FIFE relied on the misrepresentations and omissions directed at FIFE by DEE WICKHAM and DANIEL WICKHAM as part of their pattern of racketeering activity; FIFE has been harmed by this and the other activities of THE BUSINESS ENTITIES racketeering activities as alleged herein and as a direct result suffered damage to his business and property interests in The Patent, and the Pirana Device, which damage is ongoing.

61.    The pattern of racketeering activity engaged in by THE BUSINESS ENTITIES involved schemes carried out from at least 2003 to the present, and directed at FIFE and other individuals (the VICTIMS). These schemes included but are not limited to:

   A.    Falsely obtaining, and then failing to correct the erroneous listing of the IAPMO listing to Piranaco, Inc. in April of 2003 and the secret transfer of that asset from the name of PiranaCo, Inc. to Pirana ABG, Inc., consent to FIFE using the IAPMO listing, and subsequent claim that Plaintiff, FIFE has no rights to the asset;

   B.    The assigning of DANIEL WICKHAM'S interest in The Patent to PIRANA ABG, INC., the California Corporation, for consideration and for the benefit of investors and then transferring The Patent assignment without consideration back to himself based on false promises to investor, Gary McClernan, and others not yet known to Plaintiff.

   C.    False and misleading statements and advertising, claiming that the Pirana Device marketed and sold by FIFE, or FIFE's assignees is different than the Device certified and listed as approved by IAPMO.

   D.    False and misleading statements and advertising claims that the

1    SLUDGEHAMMER Device is "improved" and different than the Pirana Device

2    marketed and sold by, or under license, by FIFE, and numerous other false claims.

3    E.    Modification to the Pirana Device marketed as a SLUDGEHAMMER Device

4    without testing and then fraudulently applying the IAPMO certification to the

5    modified, untested Device, without proving compliance with the IAPMO 2003

6    standard developed in conjunction with Piranaco, the Partnership, for the Pirana

7    Device which continues to be marketed by, or under license, by Plaintiff, FIFE.

8    62.    The pattern of racketeering engaged in by DEE WICKHAM and DANIEL WICKHAM

9    involved fraudulent acts in support of the above schemes constituting mail fraud (18

10    U.S.C. '1341) and wire fraud (18 U.S.C. '1343), each of which is a racketeering activity as

11    defined in 18 U.S.C. '1961(1)(b).

12    63.    As a result of the pattern of racketeering activity, FIFE and FIFE'S licensee, ISI, and

13    other persons and entities suffered damage to business and property.

14    64.    The predicate acts committed by DEE WICKHAM and DANIEL WICKHAM relating to

15    FIFE include, but are not limited to, those described earlier in this Complaint and the

16    following:

17    A.    E-mail dated September 2, 2004, from DEE WICKHAM and/or  DANIEL

18    WICKHAM to FIFE, assuring FIFE, inter alia, that he shares in all "promotional

19    materials, trade names, etc. for the product" including the right to the IAPMO

20    certification, while THE BUSINESS ENTITIES were taking steps to claim an

21    exclusive right to the IAPMO listing and certification in THE BUSINESS

22    ENTITIES.

23    B.    Plaintiff is informed and believes that During or about 2003, 2004 and 2005, a

24    series of telephone, e-mail, and mail communications were made between

25    IAPMO, SLUDGEHAMMER and DANIEL WICKHAM using the Pirana name,

26    the Piranaco partnership name, and the PIRANACO, INC. corporate name, and in

27    the course of obtaining the certification and listing by IAPMO in the name of

28    PIRANACO, INC., and subsequent transfer without consideration, concurrent

with using the names Pirana, Piranaco and Piranaco, Inc. while doing business on behalf of the partnership, PIRANACO, and thereafter include letters and e-mail messages from Defendant, DANIEL WICKHAM and THE BUSINESS ENTITIES from 2003 to 2008 and continuing.

C.    During or about November, 2004, in an e-mail to Plaintiff and others, Defendant, DANIEL WICKHAM, acknowledged that he had kept Plaintiff FIFE out of all communication with IAPMO, even though most of the ideas for the IAPMO approval, and methodologies were from Plaintiff, FIFE; Defendant, DANIEL WICKHAM, falsely stated that any failure to give Plaintiff, FIFE, credit for these ideas was inadvertent and promised to give Plaintiff appropriate credit in the future.

D.    Plaintiff alleges on information and belief that Defendants, DANIEL WICKHAM, SLUDGEHAMMER, and those acting in concert with them, have attempted to interfere with Plaintiff's business and approval of the Pirana Device in the State of Wisconsin in 2005 and 2006, including the following:

1.    On or about July 26, 2005, Defendant DANIEL WICKHAM, sent a letter via US Mail to the State of Wisconsin, Department of Commerce, Safety and Buildings Division, Plumbing Product Review, seeking approval of the Pirana Device, labeled as a "Sludgehammer", acknowledging and asserting that the products were identical to the Pirana Device approved for PIRANACO, the partnership, during or about March of 2004;

2.    Defendant DANIEL WICKHAM, further characterized his request as a "modification" as a means to convert the approval granted to the Piranaco partnership to the name of Pirana ABG, Inc., which approval was granted by the State of Wisconsin during or about 2005 or early 2006;

3.    After converting the approval to the name of their own entity, in or about early 2006, Defendants, DANIEL WICKHAM, SLUDGEHAMMER, and those acting in concert with them brought false accusations to the

1             Wisconsin Plumbing Product Review office, alleging, <u>inter alia</u>, that

2             Plaintiff's Pirana Device is not approved, and seeking to limit the ability

3             of Plaintiff to sell or market the device in the State of Wisconsin.

4    E.     On or about December 8, 2007, Defendant, SLUDGEHAMMER, sent a letter via

5             US Mail to the State of Delaware, Department of Natural Resources and

6             Environmental Control, making numerous false assertions about the Pirana

7             Device licensed by FIFE; among the false statements is that FIFE's version of the

8             Pirana Device has never had IAPMO approval.  The falseness of that statement is

9             shown by the e-mail message from Defendant, DAN WICKHAM, dated July 31,

10            2003, using the name of the partnership PIRANACO, he admits and correctly

11            states that the Pirana Devices sold by PIRANACO were added to the Uniform

12            Plumbing Code by IAPMO.

13    F.     During or about 2005, DEE WICKHAM and DANIEL WICKHAM, unlawfully

14            caused the Partnership asset, IAPMO certification, held in the name of

15            PIRANACO INC. for the Pirana Device, to be transferred to Defendant,

16            SLUDGEHAMMER (Then using the name Pirana ABG, Inc.) by falsely

17            characterizing the transfer as a "name change"; this was accomplished by using

18            the U.S. mail and phone lines via facsimile to IAPMO.

19    G.    During 2003, and continuing through 2004, FIFE was regularly contacted by e-

20            mail, telephone, fax and mail by DEE WICKHAM and DANIEL WICKHAM in

21            response to FIFE's efforts to obtain information on the formation, operation and

22            financial status of PIRANACO, INC.  In those communications, FIFE was

23            regularly falsely informed that DEE WICKHAM and DANIEL WICKHAM were

24            protecting the PIRANACO partnership interests, or were otherwise working

25            without interference to Plaintiff's interests, when in fact THE BUSINESS

26            ENTITIES were being used by these Defendants to convert the PIRANACO

27            partnership assets belonging equally to Plaintiff, FIFE, to their sole use, including,

28            but not limited to the PIRANACO distribution network and IAPMO certification

1    and listing.

2  65.  FIFE alleges upon information and belief that DEE WICKHAM, DANIEL WICKHAM, and THE BUSINESS ENTITIES committed numerous predicate acts of mail fraud and wire fraud as part of the transactions entered into with FIFE and non-parties, including Gary McClernan, other businesses, investors, consumers, and public agencies.

6  66.  During or about 2004 and continuing, Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, have made false statements to the general public, to suppliers and to numerous regulatory entities in these United States, including the State of Wisconsin, State of Delaware, and the County of Sonoma in the State of California, including but not limited to the representations that the SLUDGEHAMMER Device is not the Pirana Device, and that the Pirana Device marketed by or under license by Plaintiff does not and never has had the IAPMO certification and approval and on that basis and others should not be approved for sale in their jurisdiction. The statements made are false and true statements are made with the intent to mislead, and which create a false impression regarding the Pirana Devices marketed directly or under license by Plaintiff.

17  67.  Upon information and belief, Plaintiff alleges that these statements in the letters are false and misleading, and are merely part of hundreds if not thousands of instances of making such false and misleading allegations about the Pirana Devices manufactured or marketed by Plaintiff or under License by Plaintiff, including the Remediator marketed by ISI.

21  68.  The website of Defendant SLUDGEHAMMER creates confusion regarding the Pirana Devices marketed directly or under license by Plaintiff, and continues to make many false assertions, and to create false impressions using facts which are true, including the following:

25    1.  Photographs taken from PIRANACO brochures, depicts work performed by or in cooperation with Plaintiff, FIFE while the Pirana Devices were installed and sold by or with the PIRANACO partnership, and falsely claims that they are SLUDGEHAMMER Devices;

2.      Numerous claims are made about the length of time the "Sludgehammer" Device

has been used, asserting that it was used for five years or more, relying on the

PIRANACO testing at UC Davis in 2003, and falsely claims that the

SLUDGEHAMMER Devices are different and better than the Pirana Devices,

then falsely states that the Sludgehammer Device is the "ONLY" way to introduce

the helpful bacteria to your septic system;

3.      The slogan "Nature Called ... We Answered" is taken from PIRANACO

brochures and advertising materials;

4.      The claim that "Our Sludgehammer technology revolutionized the industry ..." is

false and misleading because the Pirana Devices sold by PIRANACO did that, the

Sludgehammer name was not applied to a Pirana Device until sometime late in

2005;

5.      The Cleary installation, worm farm, Tehama MHP, and Silver Lake sites depicted

on the website were all PIRANACO installations, and Plaintiff, FIFE, personally

oversaw the installation of the unit for Cleary on behalf of PIRANACO;

6.      The Walloon Lake installation was a PIRANACO installation, and the letter on

the website references PIRANA ABG, INC. a company which did not exist in

2003 when the PIRANACO Pirana Device was installed there;

7.      The Trout Creek installation was an installation of Pirana Devices being marketed

by Defendants under the Pirana trade name.  Plaintiff also was using the same

trade name Pirana at that time.  After Plaintiff and WICKHAM stopped doing

business together, Eljen continued to make both the Plaintiff's and WICKHAM's

Pirana units but kept a different account for each party and different unit numbers.

The units were identical and both carried the IAPMO certification.  The labels

were modified but the trade name Pirana was used by both Plaintiff and

Defendants.

8.      The Robert F. Kennedy Jr. letter depicted on the site has been modified, and was

actually written about PIRANACO, on or about, September 17, 2002; This is

another example of how Defendants are seeking to benefit by the early success of the Pirana Devices during the term of the PIRANACO partnership, although in other settings, they falsely claim that the systems are different and deny Plaintiff the right to use the same testing data and history.

9.    The Press page of the website contains many false statements about the Sludgehammer Device, and the IAPMO certification process. Some of this information is true if referring to the Pirana Device used by PIRANACO, and still marketed under license by Plaintiff, FIFE, however there are many false statements and false impressions created including the following:

a.    Defendant, DANIEL WICKHAM, is given credit for the physical design of the Pirana and its concept; the truth is these were both created by Plaintiff, FIFE;

b.    The Sludgehammer Device is falsely claimed to have been granted IAPMO certification, when in fact it was granted prior to the starting of PIRANA ABG, INC., or the use of the Sludgehammer name, during the term of the PIRANACO partnership, for the PIRANACO partnership;

c.    The Sludgehammer Device is falsely claimed to be the first Device to receive the IAPMO approval, and to restore function to septic leach fields under this standard; the truth is that the first Device was the Pirana Device sold by the PIRANACO partnership in 2003 when the standard was developed and awarded to the PIRANACO Partnership and incorrectly put in the name of the corporation, PIRANACO INC.;

d.    IAPMO is credited with independently developing the testing standards, which were developed in cooperation with PIRANACO the partnership in 2002 and 2003, which Defendant, DANIEL WICKHAM, admits in his e-mail to Plaintiff, FIFE, in November 2004, that the ideas were Plaintiff's, and wherein he falsely promises to Plaintiff that he will give him credit in the future for his ideas;

e.   There are numerous other representations on the website which are false and fraudulent, or which although they may include truthful statements, they are presented in a manner which creates confusion with the Pirana Device marketed by or under license by Plaintiff or which create false impressions regarding the Sludgehammer Device and the Pirana Device marketed by or under license by Plaintiff.

Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants as set forth below.

## SECOND CLAIM FOR RELIEF
### False Advertising, 15 USC § 1125(a)

69.   Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained in this Complaint as though fully reiterated and set forth herein below.

70.   During or about 2004 and continuing, Defendants DEE WICKHAM , DANIEL WICKHAM, IAPMO and SLUDGEHAMMER, have made false statements to the general public, to suppliers and to numerous regulatory entities in these United States, including the State of Wisconsin, State of Delaware, and the County of Sonoma in the State of California, including but not limited to the representations that the SLUDGEHAMMER Device is not the Pirana Device, and that the Pirana Device marketed by or under license by Plaintiff does not and never has had the IAPMO certification and approval and on that basis and others should not be approved for sale in their jurisdiction.  The statements made are false and true statements are made with the intent to mislead, and which create a false impression regarding the Pirana Devices marketed directly or under license by Plaintiff.

71.   Defendants' false advertising is displacing sales which would have gone to plaintiff, or his licensee, but for the false statements, and interference with regulatory approvals by governmental entities within the United States.  Unless restrained by this court, Defendants' false assertions will continue to cause substantial and irreparable harm to Plaintiff.

1       Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against

2  Defendants as set forth below.

3

**THIRD CLAIM FOR RELIEF**
**Fraud-Intentional Misrepresentation**

4

5  72.    Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained

6        in this Complaint as though fully reiterated and set forth herein below.

7  73.    Defendants DEE WICKHAM and DANIEL WICKHAM made misrepresentations to

8        Plaintiff of facts material to the PIRANACO general partnership, and failed to inform

9        Plaintiff of material facts, as alleged herein.

10  74.    These representations were in fact false and Defendant DEE WICKHAM and Defendant

11        DANIEL WICKHAM knew or should have known of the falsity of their representations

12        to Plaintiff FIFE and of the incompleteness of their statements to Plaintiff FIFE at the

13        time that they were made.

14  75.    Defendant DEE WICKHAM and DANIEL WICKHAM's misrepresentations, omissions

15        and concealment of material facts were made intentionally or recklessly for the purpose of

16        inducing Plaintiff FIFE, to act to his detriment and otherwise not pursue discovery of the

17        facts, and were made with reckless and utter disregard as to their truthfulness or

18        completeness.

19  76.    Plaintiff reasonably relied to his detriment on the truthfulness of Defendants DEE

20        WICKHAM and DANIEL WICKHAM's representations and on the completeness of

21        their disclosures of material facts, and Plaintiff FIFE was induced thereby to act to his

22        detriment.  Defendants DEE WICKHAM and DANIEL WICKHAM had a special

23        relationship of trust and/or confidence with Plaintiff FIFE and knew or should have

24        known that Plaintiff FIFE would so rely.  But for Defendants DEE WICKHAM and

25        DANIEL WICKHAM's misrepresentations, omissions and concealment of material facts

26        concerning the PIRANACO partnership, and the IAPMO certification and listing,

27        Plaintiff FIFE would not have relied on Defendants DEE WICKHAM and DANIEL

28        WICKHAM and their agreements.

77. As a direct and proximate result of Defendants DEE WICKHAM and DANIEL WICKHAM's intentional misrepresentations, omission and concealment of material facts, Plaintiff has been damaged in an amount according to proof.

78. As a direct and proximate result of Defendants DEE WICKHAM and DANIEL WICKHAM's intentional misrepresentations, omission and concealment of material facts, Plaintiff has been damaged and was caused to and has sustained general damages.

79. Defendants DEE WICKHAM and DANIEL WICKHAM's conduct was knowing, intentional, with malice, demonstrated a complete lack of care and was in conscious disregard for the rights of Plaintiff FIFE. Plaintiff FIFE is therefore entitled to an award of punitive damages from Defendants DEE WICKHAM and DANIEL WICKHAM.

Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants as set forth below.

## FOURTH CLAIM FOR RELIEF
### Fraud-Negligent Misrepresentation

80. Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained in this Complaint as though fully reiterated and set forth herein below.

81. Defendants DEE WICKHAM and DANIEL WICKHAM negligently or recklessly made the foregoing misrepresentations to Plaintiff FIFE of facts material to the PIRANACO partnership and the IAPMO certification and listing, and failed to inform Plaintiff of these and other material facts, as alleged above.

82. As a direct and proximate result of Defendants DEE WICKHAM and DANIEL WICKHAM's negligent misrepresentations, omission and concealment of material facts, Plaintiff has been damaged in an amount according to proof.

Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants as set forth below.

## FIFTH CLAIM FOR RELIEF
### Breach Of Fiduciary Duty-Constructive Trust

83. Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained in this Complaint as though fully reiterated and set forth herein below.

84. Defendants DEE WICKHAM and DANIEL WICKHAM were general partners in the PIRANACO partnership, and undertook to act for PIRANACO and Plaintiff in conducting the business of the PIRANACO partnership, including how title to the IAPMO certification was held. Defendants DEE WICKHAM and DANIEL WICKHAM represented to Plaintiff that Plaintiff could rely upon and trust their advice and expertise in regards to the PIRANACO partnership orally and in writing.

85. Plaintiff reasonably relied on the representations and promises of Defendants, DEE WICKHAM and DANIEL WICKHAM that they would operate within the PIRANACO partnership in a manner that would serve the interests of the PIRANACO partnership and Plaintiff. Plaintiff reasonably placed confidence in Defendants DEE WICKHAM and DANIEL WICKHAM. The representations and promises of Defendants DEE WICKHAM and DANIEL WICKHAM, and Plaintiff's foreseeable and reasonable reliance on them gave rise to a fiduciary relationship between Defendants DEE WICKHAM, DANIEL WICKHAM, and Plaintiff.

86. Defendant DEE WICKHAM and DANIEL WICKHAM owed Plaintiff fiduciary duties of loyalty, of utmost good faith and integrity, to make full and accurate disclosure of material facts, to abstain from self-dealing at the expense of Plaintiff, and to exercise the care, skill and diligence towards Plaintiff's assets that a reasonably prudent person would exercise in regard to his own property. Defendant DEE WICKHAM and DANIEL WICKHAM owed Plaintiff the duty to disclose fully all material risks inherent in any proposed partnership action, and other actions undertaken by Defendants which would impact the Partnership or Plaintiff, herein.

87. Defendants DEE WICKHAM and DANIEL WICKHAM's misrepresentations and failure to disclose further constituted a breach of the duty of loyalty in that Defendants' interests in the partnership were adverse to those of Plaintiff. Defendants took advantage of the trust placed by Plaintiff in them by converting the partnership assets, including the distribution list and IAPMO certification and listing for the exclusive use of them and their designees, including the ENTERPRISE referred to above.

88.  By virtue of their violation of the relationship of trust and confidence between Plaintiff and Defendants DEE WICKHAM and DANIEL WICKHAM, Defendants DEE WICKHAM and DANIEL WICKHAM hold all assets of the PIRANACO partnership, including the distribution network and IAPMO certification and listing, in trust for the mutual benefit of their partner, Plaintiff.

89.  As a proximate result of such breaches of duty, Plaintiff has been damaged as previously alleged.

90.  As a result of the actions by Defendants, Plaintiff is entitled to a judgment by this court that he holds, and has held, the IAPMO certification and listing in trust for the non-exclusive benefit of Plaintiff, FIFE.

91.  Defendants' conduct was reckless, willful and wanton, with malice, demonstrated a complete want of care and attention to duty, and was in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to an award of punitive damages from Defendants. Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants as set forth below.

### SIXTH CLAIM FOR RELIEF
### Breach Of Contract-Partnership Agreement

92.  Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained in this Complaint as though fully reiterated and set forth herein below.

93.  Plaintiff has performed all the terms, covenants and conditions on his part to be performed pursuant to the PIRANACO oral partnership agreement, save and except only those terms, covenants and conditions which Plaintiff is excused from performing and/or prevented from performing as a result of the breaches by, or caused by, Defendants DEE WICKHAM and DANIEL WICKHAM.

94.  Plaintiff alleges upon information and belief that Defendants, DEE WICKHAM and DANIEL WICKHAM  breached, or caused the breach of, the oral partnership agreement by:

A.  Failing and refusing to do all business of the partnership in the name of

1    PIRANACO.

2    B.    Conveying, selling, transferring, and converting property of PIRANACO without

3    adequate consideration and without the consent of Plaintiff.

4    C.    By breaches as yet unknown to Plaintiff, who will amend this Complaint when

5    such breaches are discovered during the progress of this action.

6    95.    As a proximate result of such breaches, Plaintiff has been damaged as previously alleged.

7    Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

8    as set forth below.

9
                          **SEVENTH CLAIM FOR RELIEF**
10    **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

11    96.    Plaintiff hereby incorporates each of the preceding paragraphs and allegations contained

12    in this Complaint as though fully reiterated and set forth herein below.

13    97.    The conduct of Defendants, and each of them, herein alleged, including but are not

14    limited to the facts and circumstances set forth above, and constitutes unfair and unlawful

15    business practices as those terms are used in California Business & Professions Code

16    sections 17200, et seq.  All of the unfair and unlawful business practices herein alleged

17    have occurred within the four years immediately preceding the filing of Plaintiff's

18    Complaint.

19    98.    Defendants, and each of them, unfair and unlawful business practices, as alleged herein

20    above, have given them an unfair advantage over other businesses in the same industry

21    which adhere to the applicable laws regulating the industry, and which adhere to the

22    provisions of the contracts into which they enter, and incur as a cost of doing business,

23    the expense of such adherence.

24    99.    As a direct and proximate consequence of the unfair and unlawful business practices

25    perpetrated by Defendants, and each of them, including but not limited to those alleged

26    herein, and pursuant to Business & Professions Code section 17203, Defendants, and

27    each of them, are liable Plaintiff, FIFE, to the general public, represented herein by

28    Plaintiff, for restitution and/or disgorgement of all profits, ill-gotten gain, and/or any

1   other monies obtained, secured, or saved by Defendants, and each of them, as a

2   consequence of their unfair and unlawful conduct.  Pursuant to Business & Professions

3   Code section 17203, Defendants, and each of them, are further liable to be enjoined from

4   any further perpetration of the unlawful and unfair conduct herein alleged.

5   100.  By remedying and enjoining the unfair and unlawful conduct herein alleged, this lawsuit

6   will result in the enforcement of important rights affecting the public interest, will confer

7   upon the general public a significant benefit, so as to warrant an award of attorneys fees

8   to Plaintiff pursuant to California Code of Civil Procedure section 1021.5.

9   Wherefore, Plaintiff JEROME J. FIFE, prays for relief and judgment against Defendants

10   as set forth below.

11
### PRAYER FOR RELIEF

12   Wherefore, plaintiff JEROME J. FIFE, prays for relief and judgment against defendants

13   as follows:

14
### ON THE FIRST CLAIM FOR RELIEF

15   1.    For a preliminary injunction:

16        A.    Ordering Defendant IAPMO to certify the Pirana Device marketed by, and

17              under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

18              Code;

19        B.    Ordering Defendant IAPMO to decertify the Pirana Device as modified

20              and marketed as a SLUDGEHAMMER, and to exclude this Device from

21              use under the Uniform Plumbing Code until adequately tested and

22              approved;

23        C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

24              SLUDGEHAMMER and all persons acting in concert with them or on

25              their behalf, and all Defendants from publishing either orally, in writing,

26              or by electronic means that the Pirana Devices marketed by or under

27              license by Plaintiff are not approved by IAPMO, or are otherwise not

28              listed for use under the Uniform Plumbing Code;

D.  Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER from making any statements that claim that the Pirana Devices marketed by or under license by FIFE are not the same as those tested and approved by IAPMO during or about 2003;

E.  Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, SLUDGEHAMMER and those acting in concert with them or on their behalf from making claims that the Pirana Device marketed as a SLUDGEHAMMER is "improved" or is qualitatively better than the Pirana Device marketed by or under license by FIFE;

F.  Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their behalf, from engaging in the unlawful activities alleged in this Claim for Relief.

2.  For a permanent injunction:

A.  Ordering Defendant IAPMO to certify the Pirana Device marketed by, and under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing Code;

B.  Ordering Defendant IAPMO to decertify the Pirana Device as modified and marketed as a SLUDGEHAMMER, and to exclude this Device from use under the Uniform Plumbing Code until adequately tested and approved;

C.  Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and all persons acting in concert with them or on their behalf, and all Defendants from publishing either orally, in writing, or by electronic means that the Pirana Devices marketed by or under license by Plaintiff are not approved by IAPMO, or are otherwise not listed for use under the Uniform Plumbing Code;

D.  Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

1   SLUDGEHAMMER from making any statements that claim that the

2   Pirana Devices marketed by or under license by FIFE are not the same as

3   those tested and approved by IAPMO during or about 2003;

4   E.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

5   SLUDGEHAMMER and those acting in concert with them or on their

6   behalf from making claims that the Pirana Device marketed as a

7   SLUDGEHAMMER is "improved" or is qualitatively better than the

8   Pirana Device marketed by or under license by FIFE;

9   F.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

10   SLUDGEHAMMER and those acting in concert with them or on their

11   behalf, from engaging in the unlawful activities alleged in this Claim for

12   Relief.

13   3.   For Declaration of the parties rights, responsibilities and interests in regards to the

14   IAPMO certification and listing of the Pirana Device for use under the Uniform

15   Plumbing Code;

16   4.   For treble damages according to proof;

17   5.   For prejudgment interest on all damages;.

18   6.    For costs of suit incurred, including reasonable attorneys' fees; and

19   7.   For such other and further relief as the Court deems just and proper.

20   **ON THE SECOND CLAIM FOR RELIEF**

21   1.   For a preliminary injunction:

22   A   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

23   SLUDGEHAMMER and all persons acting in concert with them or on

24   their behalf, and all Defendants from publishing either orally, in writing,

25   or by electronic means that the Pirana Devices marketed by Plaintiff are

26   not approved by IAPMO, or are otherwise not listed for use under the

27   Uniform Plumbing Code;

28   B.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO

1   and SLUDGEHAMMER from making any statements that claim that the

2   Pirana Devices marketed by or under license by FIFE are not the same as

3   those tested and approved by IAPMO during or about 2003;

4   C.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

5   SLUDGEHAMMER and those acting in concert with them or on their

6   behalf from making claims that the Pirana Device marketed as a

7   SLUDGEHAMMER is "improved" or is qualitatively better than the

8   Pirana Device marketed by or under license by FIFE;

9   D    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

10   SLUDGEHAMMER and those acting in concert with them or on their

11   behalf, from engaging in the unlawful activities alleged in this Claim for

12   Relief.

13   2   For a permanent injunction:

14   A.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

15   SLUDGEHAMMER and all persons acting in concert with them or on

16   their behalf, and all Defendants from publishing either orally, in writing,

17   or by electronic means that the Pirana Devices marketed by Plaintiff are

18   not approved by IAPMO, or are otherwise not listed for use under the

19   Uniform Plumbing Code;

20   B.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

21   and SLUDGEHAMMER from making any statements that claim that the

22   Pirana Devices marketed by or under license by FIFE are not the same as

23   those tested and approved by IAPMO during or about 2003;

24   C.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

25   SLUDGEHAMMER and those acting in concert with them or on their

26   behalf from making claims that the Pirana Device marketed as a

27   SLUDGEHAMMER is "improved" or is qualitatively better than the

28   Pirana Device marketed by or under license by FIFE;

D.     Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO, SLUDGEHAMMER and those acting in concert with them or on their behalf, from engaging in the unlawful activities alleged in this Claim for Relief.

3.     For treble damages according to proof;

4.     For prejudgment interest on all damages;.

5.      For costs of suit incurred, including reasonable attorneys' fees; and

6.     For such other and further relief as the Court deems just and proper.

### ON THE THIRD CLAIM FOR RELIEF

1.     For General and compensatory damages;

2.     For special damages according to proof;

3.     For punitive damages or exemplary damages; and

4.     For such other and further relief as this Court deems just and proper.

### ON THE FOURTH CLAIM FOR RELIEF

1.     For General and compensatory damages;

2.     For special damages according to proof;

3.     For punitive damages or exemplary damages; and

4.     For such other and further relief as this Court deems just and proper.

### ON THE FIFTH CLAIM FOR RELIEF

1.     For General and compensatory damages;

2.     For special damages according to proof;

3.     For punitive damages or exemplary damages;

4.     For declaratory relief regarding the rights and responsibilities of the parties regarding their respective rights and responsibilities vis a vis the partnership assets;

5.     For imposition of a constructive trust identifying the distribution network and IAPMO certification and listing, as assets of the PIRANACO Partnership and that Defendants DEE WICKHAM, DANIEL WICKHAM and SLUDGEHAMMER

1    hold these assets in trust for the non-exclusive benefit of Plaintiff, FIFE; and

2    6.    For such other and further relief as this Court deems just and proper.

3                    **ON THE SIXTH CLAIM FOR RELIEF**

4    1.    For General and compensatory damages;

5    2.    For special damages according to proof;

6    3.    For punitive damages or exemplary damages;

7    4.    For declaratory relief regarding the rights and responsibilities of the parties

8    regarding their respective rights and responsibilities vis a vis the partnership assets; and

9    5.    For such other and further relief as this Court deems just and proper.

10                   **ON THE SEVENTH CLAIM FOR RELIEF**

11   1.    For a preliminary injunction:

12   A.    Ordering Defendant IAPMO to certify the Pirana Device marketed by, and

13         under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing

14         Code;

15   B.    Ordering Defendant IAPMO to decertify the Pirana Device as modified

16         and marketed as a SLUDGEHAMMER, and to exclude this Device from

17         use under the Uniform Plumbing Code until adequately tested and

18         approved;

19   C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

20         SLUDGEHAMMER and all persons acting in concert with them or on

21         their behalf, and all Defendants from publishing either orally, in writing,

22         or by electronic means that the Pirana Devices marketed by or under

23         license by Plaintiff are not approved by IAPMO, or are otherwise not

24         listed for use under the Uniform Plumbing Code;

25   D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

26         SLUDGEHAMMER from making any statements that claim that the

27         Pirana Devices marketed by or under license by FIFE are not the same as

28         those tested and approved by IAPMO during or about 2003;

E.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,
SLUDGEHAMMER and those acting in concert with them or on their
behalf from making claims that the Pirana Device marketed as a
SLUDGEHAMMER is "improved" or is qualitatively better than the
Pirana Device marketed by or under license by FIFE;

F.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,
SLUDGEHAMMER and those acting in concert with them or on their
behalf, from engaging in the unlawful activities alleged in this Claim for
Relief.

2.    For a permanent injunction:

A.    Ordering Defendant IAPMO to certify the Pirana Device marketed by, and
under license by, Plaintiff, FIFE, for inclusion in the Uniform Plumbing
Code;

B.    Ordering Defendant IAPMO to decertify the Pirana Device as modified
and marketed as a SLUDGEHAMMER, and to exclude this Device from
use under the Uniform Plumbing Code until adequately tested and
approved;

C.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,
SLUDGEHAMMER and all persons acting in concert with them or on
their behalf, and all Defendants from publishing either orally, in writing,
or by electronic means that the Pirana Devices marketed by or under
license by Plaintiff are not approved by IAPMO, or are otherwise not
listed for use under the Uniform Plumbing Code;

D.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,
SLUDGEHAMMER from making any statements that claim that the
Pirana Devices marketed by or under license by FIFE are not the same as
those tested and approved by IAPMO during or about 2003;

E.    Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM,

1  SLUDGEHAMMER and those acting in concert with them or on their

2  behalf from making claims that the Pirana Device marketed as a

3  SLUDGEHAMMER is "improved" or is qualitatively better than the

4  Pirana Device marketed by or under license by FIFE;

5      F.   Enjoining Defendants DEE WICKHAM, DANIEL WICKHAM, IAPMO,

6  SLUDGEHAMMER and those acting in concert with them or on their

7  behalf, from engaging in the unlawful activities alleged in this Claim for

8  Relief.

9    3.   For Declaration of the parties interests in the IAPMO certification and listing of

10  the Pirana Devices for use under the Uniform Plumbing Code;

11    4.   For treble damages according to proof;

12    5.   For prejudgment interest on all damages;.

13    6.   For costs of suit incurred, including reasonable attorneys' fees; and

14    7.   For such other and further relief as this Court deems just and proper.

15

16  Dated: February 27, 2008      THE LAW OFFICES OF HERBERT L. TERRERI

17

18         By: _____

19           Herbert L. Terreri, Attorney for Plaintiff,
         JEROME J. FIFE

20  **DEMAND FOR JURY TRIAL**

21      Plaintiff(s) hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

22  Civil Procedure.

23  Dated: February 27, 2008      THE LAW OFFICES OF HERBERT L. TERRERI

24

25

26         By: _____

27           Herbert L. Terreri, Attorney for Plaintiff,
         JEROME J. FIFE

28

---

FIRST AMENDED COMPLAINT
Case No. 3:08-cv-01078-JL