EDWARD W. POLSON, State Bar No. 062423
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
Tel: (925) 225-9600
Fax: (925) 463-3110
Email: epolson@sbcglobal.net

Attorney for Defendants Daniel Wickham,
Dee Wickham and Sludgehammer Group, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. FIFE, an individual<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL WICKHAM, DEE WICKHAM, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, a California Non-Profit Corporation, IAPMO TESTING AND SERVICES, LLC, a Delaware Limited Liability Company, SLUDGEHAMMER GROUP LTD., a Michigan Corporation<br><br>　　　　　　Defendants. | CASE NO.: 3:08-CV-01078-JL<br><br>DEFENDANT SLUDGEHAMMER GROUP LTD S ANSWER TO PLAINTIFF S FIRST AMENDED COMPLAINT<br><br>Complaint Filed: 2/22/08<br>Trial Date: None Set<br><br>DEMAND FOR JURY TRIAL |

Defendant Sludgehammer Group LTD s (hereinafter  Defendant ), through its attorney, hereby files this Answer to Plaintiff s First Amended Complaint

**THE PARTIES**

1. Defendant admits the allegations of Paragraph 1 on the basis of information or belief.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4 on the basis of information or belief.

1  5.  Defendant denies the allegations of Paragraph 5 due to lack of information or belief.
2  6.  Defendant denies the allegations of Paragraph 6 due to lack of information or belief.
3  7.  Defendant denies the allegations of Paragraph 7 due to lack of information or belief.
4  8.  Defendant denies the allegations of Paragraph 8 due to lack of information or belief.
5  9.  Defendant admits the allegations of Paragraph 9.

## JURISDICTION

10. Paragraph 10 is a statement or conclusion of law to which a response is not required. To the extent Paragraph 10 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief..

11. Paragraph 11 is a statement or conclusion of law to which a response is not required. To the extent Paragraph 11 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief..

## FACTS

12. Defendant denies the allegations of Paragraph 12 due to lack of information or belief.

13. Defendant admits on information or belief the allegations of Paragraph 13

14. Defendant admits on information or belief the allegations of Paragraph 14 that Plaintiff and Defendant Daniel Wickham continue to share rights under United States Patent No. 6780318.

15. Defendant denies due to lack of information or belief that Dee Wickham entered into an oral partnership agreement and with this exception, Defendant admits the allegations of Paragraph 15 on the basis of information or belief.

16. Defendant admits on information or belief the allegations of Paragraph 16 and affirmatively alleges on information or belief that after the initial contact, Defendant Daniel Wickham was the sole individual who negotiated with the Standards Board of IAPMO as to the nature of the standard and the structure of the testing protocol under which devices would be tested to the standard. All hearings and presentations to the Standards Board and all discussions with IAPMO staff were conducted by Defendant Daniel Wickham.

1   17.   Defendant admits on information or belief the allegations of Paragraph 17.

2   18.   DefendantDefendant Defendant deniesDefendant denies Defendant denies dueDefendant denies due D

3   19.   Defendant admits on information or belief the allegation of Paragraph 19 that during

4   2002 and 2003 Defendant Daniel Wickham had dealings, in writing and in person, with IAPMO

5   representatives on behalf of the Piranaco partnership and with this exception, Defendant denies

6   the remaining allegations of Paragraph 19 due to lack of information or belief.

7   20.   Defendant admits on information or belief the allegation of Paragraph 20 that

8   Defendant Daniel Wickham caused Articles of Incorporation to be filed for Piranaco, Inc., that

9   Defendant Daniel Wickham caused a Statement of Information to be filed with the California

10  Secretary of State for Piranaco, Inc. and stock had not been issued.  Defendant denies the

11  remaining allegations of Paragraph 20 due to lack of information or belief..

12  21.   Defendant admits on information or belief the allegations of Paragraph 21.

13  22.   Defendant admits on information or belief the allegations of Paragraph 22.

14  23.   DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

15  24.   Defendant denies due to lack of information or belief the allegations of Paragraph

16  24 that IAPMO acted in concert with Defendants Daniel Wickham or Dee Wickham, Defendant

17  denies the IAPMO Certificate of Listing was improperly issued and denies Piranaco, Inc. was

18   unformed.

19  25.   DefendantDefendant Defendant admitsDefendant admits Defendant admits onDefendant admits on D

20  name of Piranaco, Inc. and with this exception, Defendant denies the allegations of Paragraph 25

21  due to lack of information or belief.

22  26.   Defendant denies due to lack of information or belief the allegations of Paragraph

23  26 that Dee Wickham conducted the 26 that Dee Wickham conducted the first26 that Dee Wickham conducted th

24  informationinformation information orinformation or information or beliefinformation or belief information or bel

25  27.   DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

26  28.   DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

27  29.   DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

28  30.   DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

31.     Defendant admits on information or belief the allegations of Paragraph 31 and affirmatively alleges on information or belief that all costs for the IAPMO listing, and all costs for inspection and registration of the manufacturing facility were born by Defendant Daniel Wickham.  Nonetheless, Plaintiff continued to use the IAPMO sticker without compensating and/or reimbursing Defendant Daniel Wickham.  Plaintiff continued to do so through 2004, 2005 and 2006 without any attempt to either get his own listing through IAPMO or to compensate Defendant Daniel Wickham for use of the listing.

32.     Defendant denies the first sentence of Paragraph 32 to the extent the allegations are directed to Defendant.  Defendant denies the remaining allegations of Paragraph 32 due to lack of information or belief.

33.     Defendant denies the allegations of Paragraph 33 to the extent the allegations are directed to Defendant.  Defendant denies the remaining allegations of Paragraph 33 due to lack of information or belief..

34.     Defendant admits on information or belief the allegations of Paragraph 34 that Defendant Daniel Wickham started a corporation in California named Pirana ABG, Inc. which is currently suspended and with this exception, Defendant denies the allegations of Paragraph 34 due to lack of information or belief.

35.     Defendant admits a corporation was formed in Michigan named Pirana ABG now known as Sludgehammer.  Defendant denies the remaining allegations of Paragraph 35 due to lack of information or belief.

36.     DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

37.     DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

38.     DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

39.     Defendant denies due to lack of information or belief the existence of an agreement with Plaintiff as alleged but admits on information or belief Plaintiff used the Pirana Devises, trademark, advertising and certifications.

40.     Defendant admits on information or belief the allegation of Paragraph 40 that Defendant Daniel Wickham consented to Plaintiff's use of the IAPMO certification and with this

1  exception, Defendant denies the allegations of Paragraph 40 due to lack of information or belief.

2      41.    Defendant admits on information or belief the allegations of Paragraph 41 that
3  Defendant Daniel Wickham paid the IAPMO listing fees and with this exception, Defendant
4  denies the allegations of Paragraph 41 due to lack of information or belief.

5      42.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

6      43.    Defendant denies the allegations of Paragraph 43 to the extent the allegations are
7  directed to Defendant. Defendant denies the remaining allegations of Paragraph 43 due to
8  information or belief.

9      44.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

10     45.    Defendant denies the allegations of Paragraph 45 to the extent the allegations are
11 directed to Defendant. Defendant denies the remaining allegations of Paragraph 45 due to lack of
12 information or belief..

13     46.    Defendant denies the allegation of Paragraph 46 due to lack of information or belief.

14     47.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
15     48.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
16     49.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
17     50.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
18     51.    DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

19     52.    Defendant denies the allegations of Paragraph 52 to the extent the allegations are
20 directed to Defendant. Defendant denies the remaining allegations of Paragraph 52 due lack of
21 information or belief..

**FIRST CLAIM FOR RELIEF**
**RICO 18 U.S.C. 1962 ( c ) & 1961 ( 4 )**
**Against All Named Defendants**

24     53.    Defendant refers to its responses to each of the preceding paragraphs and
25 incorporates them herein by reference.

26     54.    Defendant denies the allegations of Paragraph 54 to the extent the allegations are
27 directed to Defendant. Defendant denies the remaining allegations of Paragraph 54 due lack of
28 information or belief..

1  55.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

2  56.  Defendant denies the allegations of Paragraph 56 to the extent the allegations are
3  directed to Defendant.  Defendant denies the remaining allegations of Paragraph 56 due lack of
4  information or belief.

5  57.  The first sentence of Paragraph 57 is a statement and conclusion of law to which a
6  response is not required.  Defendant denies the remaining allegations of Paragraph 57 due to lack
7  of information or belief.

8  58.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

9  59.  Defendant denies the allegations of Paragraph 59 to the extent the allegations are
10 directed to Defendant.  Defendant denies the remaining allegations of Paragraph 59 due lack of
11 information or belief...

12 60.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

13 61.  Defendant denies the allegations of Paragraph 61 due to lack of information or
14 belief with the exception of Paragraph 61(B) in which Defendant admits on information or belief
15 that Defendant Daniel Wickham assigned his interest in The Patent to Pirana ABG, Inc. and this
16 interest subsequently reverted to Defendant Daniel Wickham by corporate action.  Defendant
17 denies the remaining allegations of Paragraph 61(B) due to lack of information or belief..

18 62.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

19 63.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

20 64.  Defendant admits on information or belief the allegations of Paragraph 64 (F) that
21 Defendant caused the IAPMO certification to be transferred to Sludgehammer. Defendant denies
22 the allegations of Paragraph 64 to the extent the allegations are directed to Defendant.  Defendant
23 denies the remaining allegations of Paragraph 64 due to lack of information of belief.

24 65.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

25 66.  Defendant denies the allegations of Paragraph 66 to the extent the allegations are
26 directed to Defendant.  Defendant denies the remaining allegations of Paragraph 66 due to lack of
27 information of belief..

28 67.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

1  68.  Defendant denies the allegations of Paragraph 68 to the extent the allegations are
2  directed to Defendant.  Defendant denies the remaining allegations of Paragraph 68 due to lack of
3  information of belief..

### SECOND CLAIM FOR RELIEF
### False Advertising, 13 USC § 1125(a)

5  69.  Defendant refers to its responses to each of the preceding paragraphs and
6  incorporates them herein by reference.

7  70.  Defendant denies the allegations of Paragraph 70 to the extent the allegations are
8  directed to Defendant.  Defendant denies the remaining allegations of Paragraph 70 due to lack of
9  information of belief.

10  71.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
11  directed to Defendant.  Defendant denies the remaining allegations of Paragraph 71 due to lack of
12  information of belief.

### THIRD CLAIM FOR RELIEF
### Fraud-Intentional Misrepresentation

14  72.  Defendant refers to its responses to each of the preceding paragraphs and
15  incorporates them herein by reference.

16  73.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
17  74.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
18  75.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
19  76.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
20  77.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
21  78.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
22  79.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

### FOURTH CLAIM FOR RELIEF
### Fraud-Negligent Misrepresentation

24  80.  Defendant refers to its responses to each of the preceding paragraphs and
25  incorporates them herein by reference.

26  81.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D
27  82.  DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

28  ### FIFTH CLAIM FOR RELIEF

**Breach of Fiduciary Duty-Constructive Trust**

83. Defendant refers to its responses to each of the preceding paragraphs and incorporates them herein by reference.

84. Defendant denies due to lack of information or belief that Dee Wickham was a general partner, or undertook to act on behalf of Piranaco and Plaintiff or made any representations to Plaintiff and with this exception, Defendant admits on information or belief the remaining allegations of Paragraph 84.

85. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

86. Paragraph 86 is a statement or conclusion of law to which a response is not required.  To the extent Paragraph 86 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief.

87. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

88. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

89. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

90. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

91. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

**SIXTH CLAIM FOR RELIEF**
**Breach of Contract-Partnership Agreement**

92. Defendant refers to its responses to each of the preceding paragraphs and incorporates them herein by reference.

93. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

94. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

95. DefendantDefendant Defendant deniesDefendant denies Defendant denies theDefendant denies the D

**SEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

96. Defendant refers to its responses to each of the preceding paragraphs and incorporates them herein by reference.

97. Defendant denies the allegations of Paragraph 97 to the extent the allegations are directed to Defendant.  Defendant denies the remaining allegations of Paragraph 97 due to lack of information or belief.

98. Defendant denies the allegations of Paragraph 98 to the extent the allegations are directed to Defendant. Defendant denies the remaining allegations of Paragraph 98 due to lack of information or belief.

99. Defendant denies the allegations of Paragraph 99 to the extent the allegations are directed to Defendant. Defendant denies the remaining allegations of Paragraph 99 due to lack of information or belief..

100. Defendant denies the allegations of Paragraph 100 to the extent the allegations are directed to Defendant. Defendant denies the remaining allegations of Paragraph 100 due to lack of information or belief..

## AFFIRMATIVE DEFENSES

1. Defendant alleges on information or belief the complaint, and each claim herein, fails to state facts sufficient to constitute a claim against Defendant.

2. Defendant alleges on information or belief that the complaint and relief sought therein are barred by the doctrine of unclean hands.

3. Defendant alleges on information or belief that one or more of Plaintiff's claims may be barred by the statutes of limitation including, but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340 and 343 and Business and Professions Code § 17082.

4. Defendant alleges on information or belief the complaint and each claim applicable to Defendant are barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of Plaintiff and his agents and employees.

5. Defendant alleges on information or belief all conduct and activities, if any, of Defendant as alleged in the complaint conform to statutes, rules and regulations existing at all relevant times alleged in Plaintiff's complaint.

6. Defendant alleges on information or belief Defendant exercised due care and diligence in all of the matters alleged in the complaint and no act or omission by Defendant was the proximate cause of any damage, injury or loss to Plaintiff.

7. Defendant alleges on information or belief that Plaintiff's recovery, if any, must be reduced in direct proportion to Plaintiff's failure to mitigate damages.

8. Defendant alleges on information or belief one or more of Plaintiff's claims are barred by the doctrine of laches.

9. Defendant alleges on information or belief that if Plaintiff sustained damages as alleged in the complaint, that damage was proximately caused and contributed to by persons, entities or parties other than Defendant by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Defendant should only be liable for the amount of non-economic damages allocated to and in direct proportion to his percentage of fault pursuant to Civil Code § 1431.2 and other applicable law.

10. Defendant alleges on information or belief one or more of Plaintiff's claims is barred because Plaintiff has not suffered an injury in fact as required by Proposition 64.

11. Defendant alleges on information or belief one or more of Plaintiff's claims is barred by the doctrine of assumption of risk.

12. Defendant alleges on information or belief that if it is found that Defendant is in any manner legally responsible for damages, if any, sustained by Plaintiff, which claim is not admitted but merely stated for the purposes of this defense, that any such damage found to have been incurred or suffered by Plaintiff in this action was proximately caused or contributed to by other defendants or persons in this case, whether served or not served; and it is necessary that the proportionate degree of negligence or fault of each said persons, whether parties to this action or not, be determined and prorated; that any judgment that might be rendered against Defendant be reduced not only by that degree of comparative negligence or assumption of risk found to exist as to Plaintiff but also the total of that degree of negligence or fault found to exist as to other persons; and if Defendant is required to pay any amount in excess of Defendant's proportionate degree of comparative fault, if any, then Defendant is entitled to recover from other responsible parties, and each of them, the amount of said excess paid.

13. Defendant alleges on information or belief Plaintiff is not the real party in interest and lacks standing to sue for one or more claims for relief alleged in the complaint.

14. Defendant alleges on information or belief as a result of the acts, conduct or omissions of Plaintiff, the complaint, and each claim therein, has been waived.


15. Defendant alleges on information or belief Plaintiff has failed to join indispensable parties necessary for the just and complete adjudication of the matters raised in the complaint.

16. Defendant alleges on information or belief Plaintiff's complaint fails to state facts sufficient to support a claim for attorney's fees whether such claims be based on contract, on statute or in equity.

17. Defendant alleges on information or belief that the alleged conduct of Defendant was justified and privileged.

18. Defendant alleges on information or belief that any equitable relief sought by Plaintiff is barred because Plaintiff has an adequate remedy at law.

19. Defendant alleges on information or belief that any equitable relief sought by Plaintiff is barred because of the doctrine of changed circumstances.

20. Defendant alleges on information or belief that at all times mentioned in the complaint Defendant acted in good faith with reasonable and probable cause for Defendant's actions.

21. Defendant alleges on information or belief Plaintiff's complaint and each claim therein is frivolous and Defendant should be entitled to reasonable costs and attorney's fees pursuant to California Code of Civil Procedure § 1038 and Rule 11 of the Federal Rules of Civil Procedure.

22. Defendant alleges on information or belief at all times mentioned in the complaint, Defendant acted in good faith and with reasonable and probable cause for his actions.

23. Defendant alleges on information or belief the damages requested in the complaint are not available because they are not legally cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to be recovered under the law.

24. Defendant alleges on information or belief one or more of Plaintiff's claims is barred as performance under any alleged contract was impossible.

25. Defendant alleges on information or belief one or more of Plaintiff's claims is barred by the doctrine of failure of consideration.

26. Defendant alleges on information or belief one or more of Plaintiff's claims is

1  barred due to lack of consideration.

2      27.    Defendant alleges on information or belief one or more of Plaintiff's claims is
3  barred by the Statute of Frauds.

4      28.    Defendant alleges on information or belief any recovery by Plaintiff under Business
5  and Professions Code § 17200 would be a private recovery which is not allowed by law.

6      29.    Defendant alleges on information or belief the acts and communications of
7  Defendant are absolutely privileged under California Civil Code § 47(b).

8

9      30.    Defendant alleges Defendant presently has insufficient knowledge and information
10  to form a belief as to whether Defendant may have additional, as yet unstated, defenses available.
11  Defendant reserves the right to insert such additional defenses in the event discovery indicates
12  such defenses are appropriate.

13      WHEREFORE, Defendant prays judgment as follows:

14      1.    Plaintiff take nothing by reason of his complaint;

15      2.    Judgment be rendered in favor of Defendant;

16      3.    This action be dismissed against Defendant;

17      4.    For attorney's fees as permitted by contract, equity or statute;

18      5.    Defendant be awarded his costs of suit incurred herein; and

19      6.    For such other and further relief as the Court may deem proper.

20  **DEMAND FOR JURY TRIAL**

21  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a
22  trial by jury on all issues so triable in this action.

23

24  DATED: April 11, 2008

25      EDWARD W. POLSON
    Attorney for Defendants Daniel Wickham,
26      Dee Wickham and Sludgehammer Group, Ltd.

27

28