EDWARD W. POLSON, State Bar No. 062423
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
Tel: (925) 225-9600
Fax: (925) 463-3110
Email: epolson@sbcglobal.net

Attorney for Defendants Daniel Wickham,
Dee Wickham and Sludgehammer Group, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. FIFE, an individual<br><br>          Plaintiff,<br><br>vs.<br><br>DANIEL WICKHAM, DEE WICKHAM, INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIALS, a California Non-Profit Corporation, IAPMO TESTING AND SERVICES, LLC, a Delaware Limited Liability Company, SLUDGEHAMMER GROUP LTD., a Michigan Corporation<br><br>          Defendants. | CASE NO.:  3:08-CV-01078-JL<br><br>DEFENDANT DANIEL WICKHAM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Complaint Filed: 2/22/08<br>Trial Date: None Set<br><br>DEMAND FOR JURY TRIAL |

Defendant Daniel Wickham (hereinafter "Defendant"), through his attorney, hereby files this Answer to Plaintiff's First Amended Complaint

**THE PARTIES**

1.   Defendant admits the allegations of Paragraph 1 on the basis of information or belief.

2.   Defendant admits the allegations of Paragraph 2.

3.   Defendant admits the allegations of Paragraph 3.

4.   Defendant admits the allegations of Paragraph 4 on the basis of information or belief.

5. Defendant denies the allegations of Paragraph 5 due to lack of information or belief.

6. Defendant denies the allegations of Paragraph 6 due to lack of information or belief.

7. Defendant denies the allegations of Paragraph 7 due to lack of information or belief.

8. Defendant denies the allegations of Paragraph 8 due to lack of information or belief.

9. Defendant admits the allegations of Paragraph 9.

## JURISDICTION

10. Paragraph 10 is a statement or conclusion of law to which a response is not required. To the extent Paragraph 10 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief..

11. Paragraph 11 is a statement or conclusion of law to which a response is not required. To the extent Paragraph 11 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief..

## FACTS

12. Defendant denies the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13

14. Defendant admits the allegations of Paragraph 14 that Plaintiff and Defendant continue to share rights under United States Patent No. 6780318.

15. Defendant denies that Dee Wickham entered into an oral partnership agreement and with this exception, Defendant admits the allegations of Paragraph 15 on the basis of information or belief.

16. Defendant admits the allegations of Paragraph 16 provided that after the initial contact, Defendant was the sole individual who negotiated with the Standards Board of IAPMO as to the nature of the standard and the structure of the testing protocol under which devices would be tested to the standard. All hearings and presentations to the Standards Board and all discussions with IAPMO staff were conducted by Defendant.

17. Defendant admits the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits the allegation of Paragraph 19 that during 2002 and 2003

1  Defendant had dealings, in writing and in person, with IAPMO representatives on behalf of the
2  Piranaco partnership and with this exception, Defendant denies the remaining allegations of
3  Paragraph 19
4      20.    Defendant admits the allegation of Paragraph 20 that Defendant caused Articles of
5  Incorporation to be filed for Piranaco, Inc., that Defendant caused a Statement of Information to
6  be filed with the California Secretary of State for Piranaco, Inc. and stock had not been issued.
7  Defendant denies the remaining allegations of Paragraph 20.
8      21.    Defendant admits the allegations of Paragraph 21.
9      22.    Defendant admits the allegations of Paragraph 22.
10     23.    Defendant denies the allegations of Paragraph 23.
11     24.    Defendant denies the allegations of Paragraph 24 that IAPMO acted in concert with
12 Defendant or Dee Wickham, denies the IAPMO Certificate of Listing was improperly issued and
13 denies Piranaco, Inc. was unformed.
14     25.    Defendant admits the IAPMO certification was issued in the name of Piranaco, Inc.
15 and with this exception, Defendant denies the allegations of Paragraph 25.
16     26.    Defendant denies the allegations of Paragraph 26 that Dee Wickham conducted the
17 firstfirst first meetingfirst meeting first meeting offirst meeting of first meeting of thefirst meeting of the first meet
18     27.    Defendant denies the allegations of Paragraph 27.
19     28.    Defendant denies the allegations of Paragraph 28.
20     29.    Defendant denies the allegations of Paragraph 29.
21     30.    Defendant denies the allegations of Paragraph 30.
22     31.    Defendant admits the allegations of Paragraph 31 provided that all costs for the
23 IAPMO listing, and all costs for inspection and registration of the manufacturing facility were
24 born by Defendant.  Nonetheless, Plaintiff continued to use the IAPMO sticker without
25 compensating and/or reimbursing Defendant.  Plaintiff continued to do so through 2004, 2005
26 and 2006 without any attempt to either get his own listing through IAPMO or to compensate
27 Defendant for use of the listing.
28     32.    Defendant denies the first sentence of Paragraph 32.  Defendant denies the

remaining allegations of Paragraph 32 due to lack of information or belief.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant admits on information or belief the allegations of Paragraph 34 that Defendant started a corporation in California named Pirana ABG, Inc. which is currently suspended and with this exception, Defendant denies the allegations of Paragraph 34.

35. Defendant admits a corporation was formed in Michigan named Pirana ABG now known as Sludgehammer. Defendant denies the remaining allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37 due to lack of information or belief.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the existence of an agreement with Plaintiff as alleged but admits Plaintiff used the Pirana Devises, trademark, advertising and certifications.

40. Defendant admits the allegation of Paragraph 40 that Defendant consented to Plaintiff's use of the IAPMO certification and with this exception, Defendant denies the allegations of Paragraph 40.

41. Defendant admits the allegations of Paragraph 41 that Defendant paid the IAPMO listing fees and with this exception, Defendant denies the allegations of Paragraph 41 due to lack of information or belief.

42. Defendant denies the allegations of Paragraph 42 due to lack of information or belief.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44 due to lack of information or belief.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegation of Paragraph 46 due to lack of information or belief.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48 due to lack of information or

1 belief.

2 49. Defendant denies the Listing is incorrect, denies Dee Wickham is or was involved as alleged and with these exceptions, Defendant denies the allegations of Paragraph 49 due to lack of information or belief.

50. Defendant denies the allegations of Paragraph 50 due to lack of information or belief.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

**FIRST CLAIM FOR RELIEF**
**RICO 18 U.S.C. 1962 ( c ) & 1961 ( 4 )**
**Against All Named Defendants**

53. Defendant refers to his responses to each of the preceding paragraphs and incorporates them herein by reference.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. The first sentence of Paragraph 57 is a statement and conclusion of law to which a response is not required. Defendant denies the remaining allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61 with the exception of Paragraph 61(B) in which Defendant admits Defendant assigned his interest in The Patent to Pirana ABG, Inc. and this interest subsequently reverted to Defendant by corporate action. Defendant denies the remaining allegations of Paragraph 61(B).

62. Defendant denies the allegations of Paragraph 62.

63. Defendant denies the allegations of Paragraph 63 due to lack of information or belief.

64. Defendant admits the allegations of Paragraph 64 (F) that Defendant caused the

1  IAPMO certification to be transferred to Sludgehammer and with this exception Defendant
2  denies the remaining allegations of Paragraph 64.
3    65.  Defendant denies the allegations of Paragraph 65.
4    66.  Defendant denies the allegations of Paragraph 66.
5    67.  Defendant denies the allegations of Paragraph 67.
6    68.  Defendant denies the allegations of Paragraph 68.

**SECOND CLAIM FOR RELIEF**
**False Advertising, 13 USC § 1125(a)**

7
8    69.  Defendant refers to his responses to each of the preceding paragraphs and
9  incorporates them herein by reference.
10   70.  Defendant denies the allegations of Paragraph 70.
11   71.  Defendant denies the allegations of Paragraph 71.

**THIRD CLAIM FOR RELIEF**
**Fraud-Intentional Misrepresentation**

12
13   72.  Defendant refers to his responses to each of the preceding paragraphs and
14  incorporates them herein by reference.
15   73.  Defendant denies the allegations of Paragraph 73.
16   74.  Defendant denies the allegations of Paragraph 74.
17   75.  Defendant denies the allegations of Paragraph 75.
18   76.  Defendant denies the allegations of Paragraph 76.
19   77.  Defendant denies the allegations of Paragraph 77.
20   78.  Defendant denies the allegations of Paragraph 78.
21   79.  Defendant denies the allegations of Paragraph 79.

**FOURTH CLAIM FOR RELIEF**
**Fraud-Negligent Misrepresentation**

22
23   80.  Defendant refers to his responses to each of the preceding paragraphs and
24  incorporates them herein by reference.
25   81.  Defendant denies the allegations of Paragraph 81.
26   82.  Defendant denies the allegations of Paragraph 82.

**FIFTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty-Constructive Trust**

27
28   83.  Defendant refers to his responses to each of the preceding paragraphs and

1 incorporates them herein by reference.

2     84. Defendant denies that Dee Wickham was a general partner, or undertook to act on behalf of Piranaco and Plaintiff or made any representations to Plaintiff and with this exception, Defendant admits the remaining allegations of Paragraph 84.

    85. Defendant denies the allegations of Paragraph 85 due to lack of information or belief.

    86. Paragraph 86 is a statement or conclusion of law to which a response is not required. To the extent Paragraph 86 contains any factual allegations, Defendant denies the factual allegations due to lack of information or belief.

    87. Defendant denies the allegations of Paragraph 87.

    88. Defendant denies the allegations of Paragraph 88.

    89. Defendant denies the allegations of Paragraph 89.

    90. Defendant denies the allegations of Paragraph 90.

    91. Defendant denies the allegations of Paragraph 91.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract-Partnership Agreement

    92. Defendant refers to his responses to each of the preceding paragraphs and incorporates them herein by reference.

    93. Defendant denies the allegations of Paragraph 93.

    94. Defendant denies the allegations of Paragraph 94.

    95. Defendant denies the allegations of Paragraph 95.

## SEVENTH CLAIM FOR RELIEF
### VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200

    96. Defendant refers to his responses to each of the preceding paragraphs and incorporates them herein by reference.

    97. Defendant denies the allegations of Paragraph 97.

    98. Defendant denies the allegations of Paragraph 98.

    99. Defendant denies the allegations of Paragraph 99.

    100. Defendant denies the alleogations of Paragraph 100.

**AFFIRMATIVE DEFENSES**

1. The complaint, and each claim herein, fails to state facts sufficient to constitute a claim against Defendant.

2. Defendant alleges on information or belief that the complaint and relief sought therein are barred by the doctrine of unclean hands.

3. Defendant alleges on information or belief that one or more of Plaintiff's claims may be barred by the statutes of limitation including, but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340 and 343 and Business and Professions Code § 17082.

4. The complaint and each claim applicable to Defendant are barred by the equitable doctrines of waiver and estoppel because of the acts, conduct and omissions of Plaintiff and his agents and employees.

5. All conduct and activities, if any, of Defendant as alleged in the complaint conform to statutes, rules and regulations existing at all relevant times alleged in Plaintiff's complaint.

6. Defendant exercised due care and diligence in all of the matters alleged in the complaint and no act or omission by Defendant was the proximate cause of any damage, injury or loss to Plaintiff.

7. Defendant alleges on information or belief that Plaintiff's recovery, if any, must be reduced in direct proportion to Plaintiff's failure to mitigate damages.

8. One or more of Plaintiff's claims are barred by the doctrine of laches.

9. Defendant alleges on information or belief that if Plaintiff sustained damages as alleged in the complaint, that damage was proximately caused and contributed to by persons, entities or parties other than Defendant by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Defendant should only be liable for the amount of non-economic damages allocated to and in direct proportion to his percentage of fault pursuant to Civil Code § 1431.2 and other applicable law.

10. One or more of Plaintiff's claims is barred because Plaintiff has not suffered an injury in fact as required by Proposition 64.

11. One or more of Plaintiff's claims is barred by the doctrine of assumption of risk.

1    12.    Defendant alleges on information or belief that if it is found that Defendant is in any manner legally responsible for damages, if any, sustained by Plaintiff, which claim is not admitted but merely stated for the purposes of this defense, that any such damage found to have been incurred or suffered by Plaintiff in this action was proximately caused or contributed to by other defendants or persons in this case, whether served or not served; and it is necessary that the proportionate degree of negligence or fault of each said persons, whether parties to this action or not, be determined and prorated; that any judgment that might be rendered against Defendant be reduced not only by that degree of comparative negligence or assumption of risk found to exist as to Plaintiff but also the total of that degree of negligence or fault found to exist as to other persons; and if Defendant is required to pay any amount in excess of Defendant's proportionate degree of comparative fault, if any, then Defendant is entitled to recover from other responsible parties, and each of them, the amount of said excess paid.

13.    Plaintiff is not the real party in interest and lacks standing to sue for one or more claims for relief alleged in the complaint.

14.    As a result of the acts, conduct or omissions of Plaintiff, the complaint, and each claim therein, has been waived.

15.    Plaintiff has failed to join indispensable parties necessary for the just and complete adjudication of the matters raised in the complaint.

16.    Plaintiff's complaint fails to state facts sufficient to support a claim for attorney's fees whether such claims be based on contract, on statute or in equity.

17.    Defendant alleges on information or belief that the alleged conduct of Defendant was justified and privileged.

18.    Defendant alleges on information or belief that any equitable relief sought by Plaintiff is barred because Plaintiff has an adequate remedy at law.

19.    Defendant alleges on information or belief that any equitable relief sought by Plaintiff is barred because of the doctrine of changed circumstances.

20.    Defendant alleges on information or belief that at all times mentioned in the

1  complaint Defendant acted in good faith with reasonable and probable cause for Defendant s actions.

21. Plaintiff s complaint and each claim therein is frivolous and Defendant should be entitled to reasonable costs and attorney s fees pursuant to California Code of Civil Procedure § 1038 and Rule 11 of the Federal Rules of Civil Procedure.

22. At all times mentioned in the complaint, Defendant acted in good faith and with reasonable and probable cause for his actions.

23. The damages requested in the complaint are not available because they are not legally cognizable or recoverable on the claims alleged, and the damages, if any, are too speculative to be recovered under the law.

24. One or more of Plaintiff s claims is barred as performance under any alleged contract was impossible.

25. One or more of Plaintiff s claims is barred by the doctrine of failure of consideration.

26. One or more of Plaintiff s claims is barred due to lack of consideration.

27. One or more of Plaintiff s claims is barred by the Statute of Frauds.

28. Any recovery by Plaintiff under Business and Professions Code § 17200 would be a private recovery which is not allowed by law.

29. The acts and communications of Defendant are absolutely privileged under California Civil Code § 47(b).

30. Defendant alleges Defendant presently has insufficient knowledge and information to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves the right to insert such additional defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Defendant prays judgment as follows:

1. Plaintiff take nothing by reason of his complaint;

2. Judgment be rendered in favor of Defendant;

3. This action be dismissed against Defendant;

4. For attorney s fees as permitted by contract, equity or statute;

5. Defendant be awarded his costs of suit incurred herein; and

6. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable in this action.

DATED: April 11, 2008

_____
EDWARD W. POLSON
Attorney for Defendants Daniel Wickham,
Dee Wickham and Sludgehammer Group, Ltd.