Herbert L. Terreri, Esq.,  SBN 169815
LAW OFFICES OF HERBERT L. TERRERI
132 Mill Street, Suite 210
Healdsburg, CA 95448
(707) 431-1933 Telephone
(707) 431-2769 Facsimile
Email: info@terrerilaw.com

Attorney for Plaintiff,
JEROME J. FIFE, an individual

Edward Polson, Esq., SBN 062423
LAW OFFICE OF EDWARD W. POLSON
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
(925) 225-9600 Telephone
(925) 463-3110 Facsimile
Email: epolson@sbcglobal.net

Attorney for Defendants,
DANIEL WICKHAM, DEE WICKHAM and
SLUDGEHAMMER GROUP, LTD.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME J. FIFE, an individual, | CASE NO. 3:08-cv-01078-JL |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| DANIEL WICKHAM, DEE WICKHAM, and SLUDGEHAMMER GROUP LTD., a Michigan Corporation, | Complaint Filed: February 22, 2008 |
| | Trial Date: None Set |
| Defendants. | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1. Jurisdiction and Service:** The basis for the court's jurisdiction is Federal subject matter jurisdiction.  Jurisdiction is invoked pursuant to RICO, Title 18 U.S.C. § 1962, et seq., and Title 15 USC Sec 1125(a).  Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under California State law.  All parties have been served, and have answered.

//

---

**2. Facts:**

Plaintiff and Defendant Daniel Wickham ("Wickham") are co-inventors and owners of U.S. Patent No. 6,780,318 for an aerobic bacterial generator ("ABG"). Plaintiff and Wickham formed an oral partnership to manufacture and sell the ABG. A California corporation, Piranaco, Inc. was subsequently formed for the same purposes. Disputes arose between Plaintiff and Wickham. There are disputes as to whether Piranaco, Inc. was properly capitalized or mobilized. Wickham withdrew from the oral partnership and continued to do business as Piranaco, Inc.

Defendant SludgeHammer Group, Ltd. is a Michigan corporation formed, in part, by Wickham. SludgeHammer manufactures and sells an ABG. Dee Wickham is the wife of Daniel Wickham and believes she is not a proper party to this action as she was not involved in the business activities at issue. Plaintiff asserts Dee Wickham has some responsibility through the oral partnership. The IAPMO defendants, originally joined as RICO co-conspirators, have been dismissed by Plaintiff without prejudice.

Since Plaintiff and Wickham terminated their business relationship, Plaintiff and Wickham have separately manufactured, licensed and/or sold an ABG through separate business entities. Plaintiff asserts that the Pirana ABG manufactured and sold by the partnership was tested and granted approval for use under the Uniform Plumbing Code by the International Association of Plumbing and Mechanical Officials ("IAPMO"). Defendants dispute that IAPMO approval was obtained solely by the partnership. The Sludgehammer ABG is currently the only one recognized by IAPMO for use under the uniform plumbing code. Plaintiff claims he has been deprived of the existing IAPMO approval by the wrongdoing of Defendants, Daniel Wickham, Dee Wickham, and Sludgehammer resulting in damages. Defendants claim they are exclusively entitled to the existing IAPMO approval but do not object to Plaintiff obtaining a new IAPMO certification.

Plaintiff claims IAPMO and the other defendants conspired in violation of RICO. Plaintiff claims SludgeHammer's website contains false advertising. Plaintiff asserts state law claims for fraud, negligent misrepresentation, breach of fiduciary duty, unfair competition and breach of an oral partnership agreement. Defendants dispute these claims and deny that Plaintiff is entitled to any relief whatsoever.

---

**3. Legal Issues:** The principle legal issues are as follows:
1. The elements of each of Plaintiff's claims.
2. Defendants' affirmative defenses asserted for preservation pending discovery.
3. Whether an oral partnership currently exists.
4. Whether a conspiracy was formed among any of the defendants.

**4. Motions**:    To Be Determined

**5. Amendment of Pleadings:** The parties do not currently anticipate any amendments to the pleadings.  Defendants reserve their rights to file a cross-claim or assert additional affirmative defenses the right to which is not conceded by Plaintiff.

**6. Evidence Preservation:** The parties have met and conferred about the need to preserve all evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any erasures of e-mails, voice mails and other electronically recorded materials. Plaintiff and defendants have requested that all documents and electronic information be preserved.

**7. Disclosures:**   The parties will exchange initial disclosures by June 9, 2008.

**8. Discovery:**  The parties have agreed to defer formulation of a discovery plan until after Initial Disclosures and ADR. The parties have agreed that Plaintiff may immediately subpoena the IAPMO files relating to the ABG devices and subject to a Stipulated Protective Order. Depositions may be required in other states but the number of depositions cannot be determined at this time.

**9. Class Actions:**   This is not a class action.

**10. Related Cases:**  There are none at this time.

**11. Relief:**  Plaintiff seeks injunctive relief to stop the alleged unlawful business practices and false and misleading advertising.  Plaintiff also seeks monetary damages  valued in excess of $200,000, but expert analysis is not complete.. Plaintiff claims he is entitled to Attorneys' fees.  Defendant disputes the basis of liability, and further disputes that the plaintiff was damaged or is entitled to monetary or injunctive relief or attorneys fees.

**12. Settlement and ADR:** The parties have agreed to ADR.  Plaintiff requests an early settlement conference with a magistrate judge prior to formal discovery and depositions but after

initial disclosures.  Defendants request early neutral evaluation.  An ADR telephone conference call is scheduled for 2:00 p.m. on June 6, 2008 to select a form of ADR.

**13. Consent to Magistrate Judge For All Purposes:**   The parties have not jointly consented to proceed before a  magistrate judge for all purposes.

**14. Other References:**   The parties do not believe the case is suitable for any reference.

**15. Expedited Schedule:**  This is not  the type of case that can be handled on an expedited basis with streamlined procedures due the breadth of the factual disputes..

**16. Trial:**  The case should be ready to be tried to a jury by March, 2009.  The trial should take 10-15 days.

**17. Disclosure of Non-party Interested Entities or Persons:**   Neither party is aware of any interested entities or persons which are not parties to this action.  The parties have filed the Certification pursuant to Civil Local Rule 3-16(c)(2).

**18.   Further Case Management Conference:**   The parties request a further Case Management Conference in approximately 120 days to allow completion of ADR, completion of initial disclosures and commencement of discovery.

Respectfully submitted,

Dated: _____      THE LAW OFFICES OF HERBERT L. TERRERI

/S/
By: _____
      Herbert L. Terreri,
      Attorney for Plaintiff, JEROME J. FIFE

Dated: _____      THE LAW OFFICE OF EDWARD W. POLSON

/S/
By: _____
      Edward W. Polson,
      Attorney for Defendants, DANIEL WICKHAM,
      DEE WICKHAM, and SLUDGEHAMMER
      GROUP LTD.